# *United States Court of Appeals*
**FIFTH CIRCUIT
OFFICE OF THE CLERK**

**LYLE W. CAYCE
CLERK**

**TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130**

September 09, 2022

Mr. Eric J. R. Nichols
Butler Snow, L.L.P.
1400 Lavaca Street
Suite 1000
Austin, TX 78701

Mr. Karson Thompson
Butler Snow, L.L.P.
1400 Lavaca Street
Suite 1000
Austin, TX 78701

    No. 22-50732   Mi Familia Vota v. Ogg
                           USDC No. 5:21-CV-844
                           USDC No. 1:21-CV-780
                           USDC No. 1:21-CV-786
                           USDC No. 5:21-CV-848
                           USDC No. 5:21-CV-920

Dear Mr. Nichols, Mr. Thompson,

We have docketed the appeal as shown above, and ask you to use the case number for future inquires.  You can obtain a copy of our briefing checklist on the Fifth Circuit's website "http://www.ca5.uscourts.gov/docs/default-source/forms-and-documents---clerks-office/rules/brchecklist".

<u>Briefing Notice</u>: The record is complete for purposes of the appeal, see **FED. R. APP. P.** 12.  Appellant's brief and record excerpts are due within 40 days of the date shown above, see **FED. R. APP. P.** & **5TH CIR. R.** 28, 30, and 31.  See also **5TH CIR. R.** 30.1.2 and **5TH CIR. R.** 31.1 to determine if you have to file electronic copies of the brief and record excerpts. [If required, electronic copies MUST be in Portable Document Format (PDF).]

<u>Record Excerpts</u>: **5TH CIR. R.** 30.1.7(c) provides that the electronic PDF version of the record excerpts should contain pages representing the "tabs" identified in the index of the document. However, we remind attorneys that the actual paper copies of record excerpts filed with the court <u>must</u> contain actual physical tabs

that extend beyond the edge of the document, to facilitate easy identification and review of tabbed documents.

Brief Covers: THE CASE CAPTION(S) ON BRIEF COVERS MUST BE EXACTLY THE SAME AS THE CASE CAPTION(S) ON THE ENCLOSED TITLE CAPTION SHEET(S). YOU WILL HAVE TO CORRECT ANY MODIFICATIONS YOU MAKE TO THE CAPTION(S) BEFORE WE SUBMIT YOUR BRIEF TO THE COURT.

Policy on Extensions: The court grants extensions sparingly and under the criteria of **5TH CIR. R.** 31.4. If you request an extension, you must contact opposing counsel and tell us if the extension is opposed or not. **5TH CIR. R.** 31.4 and the Internal Operating Procedures following rules 27 and 31 state that except in the most extraordinary circumstances, the maximum extension for filing briefs is 30 days in criminal cases and 40 days in civil cases.

Reply Brief: We do not send cases to the court until all briefs are filed, except in criminal appeals. Reply briefs must be filed within the 21 day period of **FED. R. APP. P.** 31(a)(1). See **5TH CIR. R.** 31.1 to determine if you have to file electronic copies of the brief, and the format.

Dismissal of Appeals: The clerk may dismiss appeals without notice if you do not file a brief on time, or otherwise fail to comply with the rules.

Appearance Form: If you have not electronically filed a "Form for Appearance of Counsel," you must do so within 14 days of this date. You must name each party you represent, See **FED. R. APP. P.** and **5TH CIR. R.** 12. The form is available from the Fifth Circuit's website, www.ca5.uscourts.gov.

Brief Template: The clerk's office offers brief templates and the ability to check the brief for potential deficiencies prior to docketing to assist in the preparation of the brief. To access these options, log in to CM/ECF and from the Utilities menu, select 'Brief Template' (Counsel Only) or 'PDF Check Document'.

ATTENTION ATTORNEYS: Direct access to the electronic record on appeal (EROA) for pending appeals will be enabled by the U S District Court on a per case basis. Counsel can expect to receive notice once access to the EROA is available. Counsel must be approved for electronic filing and must be listed in the case as attorney of record before access will be authorized. Instructions for accessing and downloading the EROA can be found on our website at http://www.ca5.uscourts.gov/docs/default-source/forms/instructions-for-electronic-record-download-feature-of-cm. Additionally, a link to the instructions will be included in the notice you receive from the district court.

Sealed documents, except for the presentence investigation report in criminal appeals, will not be included in the EROA. Access to sealed documents will continue to be provided by the district court only upon the filing and granting of a motion to view same in this court.

<u>VIDEO/AUDIO EXHIBITS</u>: If this record contains exhibits (e.g. Dash cam or Body cam videos) that must be submitted to the court's attention, you must provide them to the District Court in MP4 format for submission to our court.

**Guidance Regarding Citations in Pleadings.**

5TH CIR. R. 28.2.2 grants the Clerk the authority to create a standard format for citation to the electronic record on appeal. You must use the proper citation format when citing to the electronic record on appeal.

- A. In single record cases, use the short citation form, "ROA" followed by a period, followed by the page number. For example, "ROA.123."

- B. For multiple record cases, cite "ROA" followed by a period, followed by the Fifth Circuit appellate case number of the record referenced, followed by a period, followed by the page of the record. For example, "ROA.13-12345.123.".

- C. Please note each individual citation must end using a termination of a period (.) or semicolon (;).

Pro se litigants may request the record from the district court to prepare their brief. Those proceeding in forma pauperis may receive the record without payment of shipping costs. If you wish to receive exhibits, you must specifically request them.

**Once you obtain the record, you should check it within 14 days of receipt for any missing or incomplete items. If you need to request a supplemental record or order transcripts, do so promptly. The court will not grant extensions of time to file your brief because you did not timely check the record.**

**Reminder as to Sealing Documents on Appeal:** Our court has a strong presumption of public access to our court's records, and the court scrutinizes any request by a party to seal pleadings, record excerpts, or other documents on our court docket. Counsel moving to seal matters must explain in particularity the necessity for sealing in our court. Counsel do not satisfy this burden by simply stating that the originating court sealed the matter, as the circumstances that justified sealing in the originating court may have changed or may not apply in an appellate proceeding. It is the obligation of counsel to justify a request to file under seal, just as it is their obligation to notify the court whenever sealing is no longer necessary. An unopposed motion to seal does not obviate a counsel's obligation to justify the motion to seal.

```
                        Sincerely,

                        LYLE W. CAYCE, Clerk

                        By: _/s/Mary Frances Yeager_____
                        Mary Frances Yeager, Deputy Clerk
                        504-310-7686
```

Enclosure(s)

cc w/encl:
    Ms. Jessica Ring Amunson
    Mr. Mohammed Amir Badat
    Mr. Noah Baron
    Mr. Kenneth Eugene Broughton Jr.
    Mr. Adriel I. Cepeda Derieux
    Mr. Ben Clements
    Mr. Christopher D. Dodge
    Mr. Victor Genecin
    Mr. John Russell Hardin
    Mr. Jonathan Patrick Hawley
    Mr. Uzoma Nkem Nkwonta
    Ms. Kathryn C. Sadasivan
    Mr. R. Gary Spencer
    Mr. Jerry Vattamala
    Mr. Graham White
    Ms. Georgina Yeomans


Case No. 22-50732

Mi Familia Vota; Marla Lopez; Marlon Lopez; Paul Rutledge,

    Plaintiffs - Appellees

v.

Kim Ogg,

    Defendant - Appellant

---

OCA-Greater Houston; League of Women Voters of Texas; REVUP-Texas; Texas Organizing Project; Workers Defense Action Fund,

    Plaintiffs - Appellees

v.

Jose A. Esparza, In His Official Capacity as Texas Secretary of State (Acting); Et al,

    Defendants

Kim Ogg,

    Appellant

---

LULAC Texas; Vote Latino; Texas Alliance for Retired Americans; Texas AFT,

    Plaintiffs - Appellees

v.

Jose Esparza; Et al,

    Defendant

Kim Ogg,

    Appellant

---

Delta Sigma Theta Sorority, Incorporated; Houston Area Urban League; The Arc of Texas; Jeffrey Lamar Clemmons,

    Plaintiffs - Appellees

v.

Gregory Wayne Abbott, In His Official Capacity as the Governor of Texas; Et al,

        Defendants

Kim Ogg,

        Appellant

---

Mi Familia Vota; Marla Lopez; Marlon Lopez; Paul Rutledge,

        Plaintiffs - Appellees

v.

Greg Abbott, In His Official Capacity as Governor of Texas; Et al,

        Defendants

Kim Ogg,

        Appellant