# No. 22-50732

## In the United States Court of Appeals for the Fifth Circuit

MI FAMILIA VOTA; MARLA LOPEZ; MARLON LOPEZ; PAUL RUTLEDGE,

*Plaintiffs-Appellees,*

v.

KIM OGG,

*Defendant-Appellant.*

OCA-GREATER HOUSTON; LEAGUE OF WOMEN VOTERS OF TEXAS; REVUP-TEXAS; TEXAS ORGANIZING PROJECT; WORKERS DEFENSE ACTION FUND,

*Plaintiffs-Appellees,*

v.

JOSE A. ESPARZA, IN HIS OFFICIAL CAPACITY AS TEXAS SECRETARY OF STATE (ACTING), ET AL.,

*Defendants.*

KIM OGG

*Appellant.*

LULAC TEXAS; VOTO LATINO; TEXAS ALLIANCE FOR RETIRED AMERICANS; TEXAS AFT,

          Plaintiffs-Appellees,

v.

JOSE ESPARZA, ET AL.,

          Defendants.

KIM OGG

          Appellant.

---

DELTA SIGMA THETA SORORITY, INC.; HOUSTON AREA URBAN LEAGUE; THE ARC OF TEXAS; JEFFREY LAMAR CLEMMONS,

          Plaintiffs-Appellees,

v.

GREGORY WAYNE ABBOTT, IN HIS OFFICIAL CAPACITY AS THE GOVERNOR OF TEXAS, ET AL.,

          Defendants.

KIM OGG

          Appellant.

---

MI FAMILIA VOTA; MARLA LOPEZ; MARLON LOPEZ; PAUL RUTLEDGE,

Plaintiffs-Appellees,

v.

GREG ABBOTT, IN HIS OFFICIAL CAPACITY AS THE GOVERNOR OF TEXAS, ET AL.,

Defendants.

KIM OGG

Appellant.

**On Appeal from the United States District Court
for the Western District of Texas, San Antonio Division**
Civil Action No. 5:21-CV-844 (lead case); Civil Action No. 1:21-CV-780; Civil Action No. 1:21-CV-786; Civil Action No. 5:21-CV-848; Civil Action No. 5:21-CV-920
Honorable Xavier Rodriguez, United States District Judge, presiding

**APPELLANT'S MOTION FOR STAY PENDING APPEAL**

Defendant-Appellant District Attorney Kim Ogg, in her official capacity as Harris County District Attorney ("District Attorney Ogg"), files this motion to stay all further discovery and related proceedings against her in the district court, pending this Court's resolution of this interlocutory appeal denying District Attorney Ogg's motion to dismiss based on the legal defense of sovereign immunity.  ROA.10792.

**BACKGROUND**

These consolidated lawsuits concern the constitutionality of various provisions of the Texas Election Code as amended by the Election Protection and Integrity Act of 2021, colloquially known as "S.B. 1."  District Attorney Ogg has been sued by various plaintiff groups not because of anything she is alleged to have done, but solely because of who she is:  the Harris County District Attorney.  The theory of the case is that because district attorneys have the

3

power to prosecute violations of criminal laws in the State of Texas, those district attorneys are subject to suit any time a plaintiff wishes to bring a constitutional challenge to any law with potential criminal penalties.

District Attorney Ogg moved to dismiss, invoking (among other arguments) her Eleventh Amendment right to sovereign immunity. *E.g.*, *Tex. Democratic Party v. Abbott*, 961 F.3d 389, 400 (5th Cir. 2020) (hereinafter "*Tex. Democratic Party I*"). Plaintiffs countered that their suit fell within a narrow exception to sovereign immunity arising under the doctrine of *Ex parte Young*, 209 U.S. 123 (1908). *See also Air Evac EMS, Inc. v. Tex. Dep't of Ins.*, 851 F.3d 507, 517 (5th Cir. 2017). The district court sided with the plaintiffs, entering an order denying District Attorney Ogg sovereign immunity and allowing some (but not all) claims brought against her to proceed. ROA.10792. District Attorney Ogg promptly appealed.

In the wake of the district court's order, some plaintiff groups pushed for extensive discovery from District Attorney Ogg. Discovery requests served on District Attorney Ogg sought, among other things, "all documents and communications" related to all investigations, criminal proceedings, and prosecutions regarding any "violation or a suspected violation" of any election laws (not just S.B. 1) in the last six years. ROA.10829. District Attorney Ogg had objected to producing such materials on numerous grounds, including, most importantly, her immunity from suit under the Eleventh Amendment.

To avoid the loss of the benefits of sovereign immunity following a potentially unnecessary discovery dispute, District Attorney Ogg moved the district court to stay all further discovery and related proceedings against her pending the outcome of this interlocutory appeal. ROA.10811. Within hours of that motion being filed, the district court denied the motion with a text order, which read, in its entirety:

4

> "Text Order DENYING [452] Motion to Stay entered by Judge Xavier Rodriguez. The Court has already addressed the merits of Defendant Kim Ogg's arguments in its order granting in part and denying part her motion to dismiss. Further, the discovery requests are relevant and responses thereto may be secured from Defendant Ogg either as a party to this case or a third party."

ROA.109.[1]

District Attorney Ogg now asks this Court to stay all further discovery and related proceedings against her pending resolution of this appeal. District Attorney Ogg is not asking that the entire litigation be stayed, only that this Court stay all discovery and related proceedings (such as a motion to compel or motion for protective order) against her and her office while the appeal is decided.

## ARGUMENT

Federal courts have inherent discretion to stay matters before them pending resolution of issues on appeal. *Richardson v. Tex. Sec. of State*, 978 F.3d 220, 228 (5th Cir. 2020). Courts considering exercising their discretion to stay a matter employ a familiar four-part test, assessing: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.*. Of these four factors, numbers (1) and (2) are "most critical." *Id.* "The proponent of a stay bears the burden of establishing its needs." *Id.*

District Attorney Ogg is entitled to a stay pending appeal because each of these four factors weighs in her favor.

**First, District Attorney Ogg is likely to succeed on the merits**. The governing law is clear that a plaintiff seeking to avoid the Eleventh Amendment immunity bar via *Ex parte Young* must establish that the sued state official has "'some connection' to the [challenged] state law's

---

[1]This order satisfies the prerequisite for filing this motion in this Court. FED. R. APP. P. 8(a)(1)-(2).

5

enforcement." *Air Evac EMS*, 851 F.3d at 517 (quoting *Ex parte Young*, 209 U.S. at 157). The requisite "connection" requires establishing both a "particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty." *Okpalobi v. Foster*, 244 F.3d 405, 416 (5th Cir. 2001) (*en banc*); *Whole Woman's Health v. Jackson*, 13 F.4th 434, 447-48 (5th Cir. 2021) ("*Okpalobi* teaches that state law enforcement officials' general duty to enforce state law cannot render them suable under *Young*").

As this Court recently explained, this "connection" exists only where the state official has both a duty to enforce the statute and has "*taken some step to enforce*" the statute. *Tex. Democratic Party I*, 961 F.3d at 401 (emphasis added). That holding is consistent with a long line of *Ex parte Young* cases in this Circuit. *See Tex. Democratic Party v. Abbott*, 978 F.3d 168, 179 (5th Cir. 2020) (hereinafter "*Tex. Democratic Party II*") (governor and attorney general entitled to immunity); *City of Austin v. Paxton*, 943 F.3d 993, 1000 (5th Cir. 2019) ("Attorney General Paxton is not subject to the *Ex parte Young* exception because our *Young* caselaw requires a higher showing of 'enforcement' than the City has proffered"); *Air Evac EMS*, 851 F.3d at 510-13 (noting that the state officials at issue were actively involved in rate-setting and overseeing the arbitration processes implicated by the challenged law); *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 392-95 (5th Cir. 2015) (*Ex parte Young* exception applied when the attorney general had sent "numerous 'threatening letters'" to the plaintiffs); *K.P. v. LeBlanc*, 627 F.3d 115, 119-25 (5th Cir. 2010) (defendant took an "active role" in enforcing the statute at issue).

This appeal squarely presents the question of whether civil rights plaintiffs can sue a Texas district attorney to enjoin enforcement of a criminal statute based solely on the district attorney's status as a district attorney in a particular jurisdiction, without any allegations that the

district attorney has taken any action to enforce the statute that is the subject of those plaintiffs' claims. There is no allegation by any plaintiff in these consolidated cases that District Attorney Ogg had anything to do with the passage of S.B. 1; that she or her office has any intent or desire to enforce any of its criminal penalty provisions; that she has taken any steps to enforce any of those criminal penalty provisions against any plaintiff, or anyone else; or that she has threatened any plaintiff, or anyone else, with enforcement or otherwise created a genuine threat of enforcement through her conduct. As Plaintiffs openly admit, District Attorney Ogg has been sued not because of anything she has done, but because of the office she holds. As in *Whole Woman's Health*, it is wholly "speculative" whether District Attorney Ogg will ever enforce any criminal statutes modified by S.B. 1 against any of Plaintiffs or anyone else. *See Whole Woman's Health*, 13 F.4th at 443. This Court's precedents fully support District Attorney Ogg's position that civil rights plaintiffs cannot hale a Texas prosecutor into federal court—with all of the attendant burdens, expenses, and distractions of litigation—if they cannot allege that the prosecutor has taken some step to enforce the statute at issue.

Nevertheless, this Court has also acknowledged that the controlling legal standard could be more robustly developed. *Tex. Democratic Party II*, 978 F.3d at 179 ("This circuit has not spoken with conviction about all relevant details of the 'connection' requirement."). The district court noted the uncertainty in this evolving area of the law. ROA.10796-97 (citing, among other cases, *Tex. Democratic Party I*, 961 F.3d at 400, and *Tex. Democratic Party II*, 978 F.3d at 179). In circumstances like this, a stay is warranted even if the party seeking the stay cannot get all the way to "substantial likelihood of success." When "a serious legal question is involved," a party seeking a stay does not even have to "show a probability of success on the merits." *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981). It is enough to justify a stay to show that the serious

legal question exists and that the equities favor the stay. *Id.*; *Moore v. Tangipahoa Parish Sch. Bd.*, 507 Fed. App'x 389, 393 (5th Cir. 2013) (unpublished) (granting stay using this standard in sovereign immunity case). The issue of application of *Ex parte Young* to claims such as those brought here is undoubtedly a serious legal question. For the reasons explained below, the equities militate in favor of a stay here while that serious legal question is addressed.

**Second, District Attorney Ogg will be irreparably injured absent a stay**. Sovereign immunity is not a simple shield against liability; it is a complete immunity from being subjected to the judicial process. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The core irreparable injury District Attorney Ogg will suffer is being "wrongly haled into court" when the Constitution forbids such an act. *Planned Parenthood Gulf Coast, Inc. v. Phillips*, 24 F.4th 442, 449-50 (5th Cir. 2022). She continues to face the burdens and expenses of federal court litigation, including having to oppose expansive discovery requests probing her office's investigative and prosecutorial history going back years before the challenged statute even existed. The constitutional value of the Eleventh Amendment defense "is for the most part lost as litigation proceeds past motion practice." *Metcalf & Eddy*, 506 U.S. at 145. If discovery proceeds against District Attorney Ogg while this Court considers her appeal, no appellate remedy will be able to turn back the clock and "undo" the intrusion upon state sovereignty that will have occurred in the meantime. *Cf. Veasey v. Perry*, 769 F.3d 890, 896 (5th Cir. 2014) (finding irreparable injury where the State of Texas faced the prospect of administering an election while challenges to election laws were pending before the Fifth Circuit).

**Third, the remaining parties will not be substantially injured by a stay of discovery against District Attorney Ogg**. While District Attorney Ogg's appeal is resolved, the other

parties may continue to conduct discovery and litigate their claims and defenses. The consolidated cases are proceeding through discovery in the district court with the various plaintiffs and their counsel on one side, and the "State Defendants" (Texas Governor Greg Abbott, Secretary of State John Scott, and Attorney General Ken Paxton, each in their official capacity, and the State of Texas) and Intervenor Defendants and their counsel on the other. Trial is not set until July 2023. In addition, District Attorney Ogg's likelihood of success on the merits outweighs any injury to Plaintiffs. *Veasey*, 769 F.3d at 896; *Richardson*, 978 F.3d at 243; *Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 419 (5th Cir. 2013).

**Fourth, the public interest supports a stay**. Where "the State is the appealing party, its interest and harm merge with that of the public." *Veasey v. Abbott*, 870 F.3d 387, 391 (5th Cir. 2017).

Chief Judge Lee Rosenthal of the Southern District recently encountered a similar scenario and granted a stay pending appeal. *See Russell v. Harris Cnty., Tex.*, 500 F. Supp. 3d 577 (S.D. Tex. Nov. 10, 2020); *Russell v. Harris Cnty., Tex.*, No. H-19-226, 2021 WL 2637576 (S.D. Tex. June 25, 2021). The *Russell* case concerns a challenge to Harris County's felony bail procedures. *Russell*, 500 F. Supp. 3d at 583. The plaintiffs there sued, among other defendants, the state criminal district judges in Harris County. *Id.* Those judges moved to dismiss based on sovereign immunity. *Id.* The court denied the motion and the felony judges immediately appealed. *Id.* at 621; *Russell*, 2021 WL 2637576, at *1. That appeal was withdrawn and the felony judges were dismissed from the case, but the plaintiffs continued to seek discovery from the judges via non-party subpoenas. *Russell*, 2021 WL 2637576, at *1. The felony judges moved to quash based again on sovereign immunity, the court again denied that motion, and the

9

felony judges again appealed. *Id.* Recognizing that the felony judges' sovereign immunity argument was "untested but nonfrivolous," the court then stayed all further discovery proceedings as to the felony judges pending resolution of their appeal. *Id.* at *2-3. *Russell* illustrates that discovery stays in situations such as this are practical and appropriate, even when the presiding district court judge disagrees with the application of the sovereign immunity defense being litigated on appeal.

Furthermore, as this Court recently held, even where there are "serious questions regarding the constitutionality of" Texas election laws, "for a federal court to proceed to the merits without certainty of jurisdiction 'would threaten to grant unelected judges a general authority to conduct oversight of decisions of the elected branches of Government.'" *Whole Woman's Health*, 13 F.4th at 447-48 (quoting *California v. Texas*, 141 S. Ct. 2104, 2116 (2021)). The requested stay would allow for the certain determination of whether Plaintiffs have properly invoked the Court's jurisdiction over District Attorney Ogg with respect to the claims they assert, before subjecting District Attorney Ogg and her office to further burdens, expenses, and distractions associated with litigation.

## CONCLUSION

For the foregoing reasons, Defendant District Attorney Kim Ogg respectfully requests the Court grant this motion and stay all further discovery and related proceedings against her or her office pending this Court's resolution of her interlocutory appeal.

Respectfully submitted,

**BUTLER SNOW LLP**

By: */s/ Eric J.R. Nichols*
   Eric J.R. Nichols
   State Bar No. 14994900
   eric.nichols@butlersnow.com
   Karson K. Thompson
   State Bar No. 24083966
   karson.thompson@butlersnow.com
   1400 Lavaca Street, Suite 1000
   Austin, Texas 78701
   Tel: (737) 802-1800
   Fax: (737) 802-1801

**ATTORNEYS FOR DEFENDANT-APPELLANT DISTRICT ATTORNEY KIM OGG, IN HER OFFICIAL CAPACITY AS HARRIS COUNTY DISTRICT ATTORNEY**

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with counsel for the parties regarding this motion and Plaintiffs-Appellees oppose the motion.

*/s/ Eric J.R. Nichols*
Eric J.R. Nichols

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2022, a true and correct copy of the foregoing document was served on all counsel of record by filing with the Court's CM/ECF system.

*/s/ Eric J.R. Nichols*
Eric J.R. Nichols

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the word limit of FED. R. APP. P. 27(d)(2)(A) because it does not exceed 5,200 words.

*/s/ Eric J.R. Nichols*
Eric J.R. Nichols