# No. 22-50732

## In the United States Court of Appeals for the Fifth Circuit

MI FAMILIA VOTA; MARLA LOPEZ; MARLON LOPEZ; PAUL RUTLEDGE,

*Plaintiffs-Appellees,*

v.

KIM OGG,

*Defendant-Appellant.*

OCA-GREATER HOUSTON; LEAGUE OF WOMEN VOTERS OF TEXAS; REVUP-TEXAS; WORKERS DEFENSE ACTION FUND,

*Plaintiffs-Appellees,*

v.

JOSE A. ESPARZA, IN HIS OFFICIAL CAPACITY AS TEXAS SECRETARY OF STATE (ACTING), ET AL.,

*Defendants.*

KIM OGG

*Appellant.*

i

LULAC TEXAS; VOTO LATINO; TEXAS ALLIANCE FOR RETIRED
AMERICANS; TEXAS AFT,

Plaintiffs-Appellees,

v.

JOSE ESPARZA, ET AL.,

Defendants.

Kim Ogg

Appellant.

———————————————————————

DELTA SIGMA THETA SORORITY, INC.; HOUSTON AREA URBAN
LEAGUE; THE ARC OF TEXAS; JEFFREY LAMAR CLEMMONS,

Plaintiffs-Appellees,

v.

GREGORY WAYNE ABBOTT, IN HIS OFFICIAL CAPACITY AS THE
GOVERNOR OF TEXAS, ET AL.,

Defendants.

KIM OGG

Appellant.

———————————————————————

MI FAMILIA VOTA; MARLA LOPEZ; MARLON LOPEZ; PAUL RUTLEDGE,

Plaintiffs-Appellees,

v.

GREG ABBOTT, IN HIS OFFICIAL CAPACITY AS THE GOVERNOR OF TEXAS, ET AL.,

Defendants.

KIM OGG

Appellant.

---

**On Appeal from the United States District Court
for the Western District of Texas, San Antonio Division**
Civil Action No. 5:21-CV-844 (lead case);
Civil Action No. 1:21-CV-780; Civil Action No. 1:21-CV-786;
Civil Action No. 5:21-CV-848; Civil Action No. 5:21-CV-920
Honorable Xavier Rodriguez, United States District Judge, presiding

---

### APPELLANT'S REPLY BRIEF

---

| | |
|---|---|
| ERIC J.R. NICHOLS | Butler Snow LLP |
| State Bar No. 14994900 | 1400 Lavaca Street, Suite 1000 |
| Attorney-in-Charge | Austin, Texas 78701 |
| | |
| D. TODD SMITH | Butler Snow LLP |
| State Bar No. 00797451 | 1400 Lavaca Street, Suite 1000 |
| | Austin, Texas 78701 |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ vi

PRELIMINARY STATEMENT ................................................................... 1

ARGUMENT ............................................................................................... 3

I.     This Court has jurisdiction to review the district court's denial of sovereign immunity. ................................................. 3

II.    This Court has jurisdiction to review standing. ..................... 6

III.   District Attorney Ogg is entitled to sovereign immunity ....... 9

      A.   District Attorney Ogg's authority to prosecute the offenses at issue does not amount to a specific duty to do so. ................................................................ 9

      B.   Plaintiffs fail to show that District Attorney Ogg has demonstrated a willingness to enforce the challenged statutes. ..................................................... 13

      C.   Plaintiffs fail to show that District Attorney Ogg has compelled or constrained anyone by enforcing or threatening to enforce the challenged statutes ....... 16

      D.   Plaintiffs' claim "we must be able to sue somebody" rings hollow. ............................................. 17

IV.   Plaintiffs lack standing to sue District Attorney Ogg under any federal statute. .................................................... 18

      A.   Plaintiffs have suffered no injury in fact because they have no intent to engage in conduct that would subject them to criminal prosecution under the challenged statutes ................................................. 18

      B.   Plaintiffs have suffered no injury in fact because there is no credible threat of prosecution. ................... 19

      C.    There is no causal connection to District Attorney
           Ogg to support standing. .............................................20

CONCLUSION ........................................................................21

CERTIFICATE OF SERVICE...................................................22

CERTIFICATE OF COMPLIANCE ........................................32

# TABLE OF AUTHORITIES

## Cases

*Air Evac EMS, Inc. v. Tex. Dep't of Ins., Div. of Workers' Comp.*,
  851 F.3d 507 (5th Cir. 2017) .................................................................. 16

*BancPass, Inc. v. Highway Toll Admin., L.L.C*,
  863 F.3d 391 (5th Cir. 2017) ............................................................... 1, 4

*Burns-Vidlak ex rel. Burns v. Chandler*,
  165 F.3d 1257 (9th Cir. 1999) .................................................................. 5

*City of Austin v. Paxton*,
  943 F.3d 993 (5th Cir. 2019) ......................................................... 8, 9, 13

*Escobar v. Montee*,
  895 F.3d 387 (5th Cir. 2018) .................................................................... 7

*Espinal-Dominguez v. Com. of Puerto Rico*,
  352 F.3d 490 (1st Cir. 2003) .................................................................... 5

*Ex parte Young*,
  209 U.S. 123 (1908) ................................................................... passim

*Freedom from Religion Found. v. Abbott*,
  955 F.3d 417 (5th Cir. 2020) .................................................................. 16

*Hosp. House, Inc. v. Gilbert*,
  298 F.3d 424 (5th Cir. 2002) .................................................................... 6

*K.P. v LeBlanc*,
  627 F.3d 115 (5th Cir. 2010) .................................................................. 16

*Lewis v. Casey*,
  518 U.S. 343 (1996) ................................................................................. 7

*Mercer v. Magnant*,
  40 F.3d 893 (7th Cir. 1994) ...................................................................... 5

*NiGen Biotech, L.L.C. v. Paxton*,
  804 F.3d 389 (5th Cir. 2015) .................................................................. 16

*OCA-Greater Houston v. Texas,*
   867 F.3d 604 (5th Cir. 2017) .......................................................... 20, 21

*Planned Parenthood Gulf Coast, Inc. v. Phillips,*
   24 F.4th 44 (5th Cir. 2022) (en banc) ...................................... 4

*Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,*
   506 U.S. 139 (1993) ............................................................ 3, 4

*State v. Stephens,*
   Nos. PD-1032-20 & PD-1033-20, 2021 WL 5917198, (Tex. Crim.
   App. Dec. 15, 2021) ........................................................ 14

*Susan B. Anthony List v. Driehaus,*
   573 U.S. 149 (2014) .............................................................. 20

*Swint v. Chambers Cty. Comm'n,*
   514 U.S. 35 (1995) .................................................................. 7

*Tex. All. for Retired Americans v. Scott,*
   28 F. 4th 669 (5th Cir. 2022) ........................................ 12, 13

*Texas v. Real Parties in Int.,*
   259 F.3d 387 (5th Cir. 2001) .................................................. 6

*Whole Woman's Health v. Jackson,*
   142 S. Ct. 522 (2021) ................................................... passim

*Whole Woman's Health v. Jackson,*
   23 F.4th 380 (5th Cir. 2022) ............................................... 11

*Whole Woman's Health v. Jackson,*
   31 F.4th 1004 (5th Cir. 2022) ............................................ 12

*Whole Woman's Health v. Jackson,*
   642 S.W.3d 569 (Tex. 2022) ............................................... 12

*Williams v. Davis,*
   No. 22-30181, 2023 WL 119452 (5th Cir. 2023) ............... 7, 8, 16

*Younger v. Harris,*
   401 US 37 (1971) .................................................................. 20

## Statutes

TEX. CODE CRIM. P. art. 2.01 ................................................................ 13

TEX. CONST. art. V, sec. 21 ................................................................. 15

TEX. ELEC. CODE § 273.001 ............................................................... 14

TEX. ELEC. CODE § 273.002 ............................................................... 14

TEX. ELEC. CODE § 273.022 ............................................................... 14

TEX. GOV'T CODE § 43.180(b) ........................................................... 15

TEX. GOV'T CODE § 43.180(c) ............................................................ 15

TEX. OCC. CODE § 164.055(a) ............................................................ 11

## PRELIMINARY STATEMENT

Plaintiffs-Appellees ("Plaintiffs") argue that this Court lacks jurisdiction to review the district court's denial of District Attorney Ogg's sovereign-immunity defense because Plaintiffs included in their lawsuit claims under statutes that contain a statutory waiver of sovereign immunity. This argument incorrectly restricts the bounds of this Court's jurisdiction and directly contradicts this Court's conclusion in *BancPass, Inc. v. Highway Toll Administration, L.L.C*, 863 F.3d 391 (5th Cir. 2017). If Plaintiffs' view of this Court's jurisdiction were correct, a state official would be powerless to enforce sovereign immunity before this Court on a constitutional claim, by virtue of a plaintiff also giving lip-service to another claim under a federal statute that contains a waiver of sovereign immunity. Such an end-run around state officials' ability to enforce sovereign immunity is not supported by law or common sense.

Plaintiffs' additional argument that this Court may only review standing if the jurisdictional issue applies to *all* parties is equally unsupported. Standing is analyzed not only defendant-by-defendant, but claim-by-claim. This Court has previously used interlocutory appeals of

orders denying sovereign immunity to dispose of cases on subject-matter jurisdiction grounds without even reaching the immunity question.

Additionally, because the standing issue is inextricably intertwined with the sovereign-immunity issue, the Court may exercise pendent jurisdiction.  Because District Attorney Ogg's universal position is that she cannot be amenable to suit when she is not alleged to have taken any action at all, there is no possibility that she has caused Plaintiffs any injury in fact.

On the underlying and extremely important issue of sovereign immunity, this Court has rejected the type of argument made by Plaintiffs here:  that a state official's *authority*, rather than her *duty* or her *actions*, drives the *Ex parte Young*[1] exception analysis.  Plaintiffs misconstrue the United States Supreme Court's plurality opinion in *Whole Woman's Health v. Jackson*, 142 S. Ct. 522 (2021), in arguing that District Attorney Ogg's general authority to prosecute criminal offenses is sufficient.  Furthermore, Plaintiffs' argument ignores the outcome of *Whole Woman's Health*:  a determination, through this Court's certified question to the Texas Supreme Court, that the officials at issue in *Whole*

---

[1] 209 U.S. 123 (1908).

*Woman's Health* did *not* have authority to enforce the challenged statute, and thus *had* sovereign immunity.

The above responses should not obscure that Plaintiffs have no answer for the argument that their failure to identify a single act or threat of enforcement by District Attorney Ogg deprives them of standing. Even if Plaintiffs intended to engage in conduct arguably proscribed by the challenged criminal offenses, District Attorney Ogg's expressed intent *not* to enforce the provisions of state law challenged by Plaintiffs acts as a complete bar to their claims against her.

For all these reasons, as explained further below, the district court's order should be reversed.

## ARGUMENT

### I.   This Court has jurisdiction to review the district court's denial of sovereign immunity.

Plaintiffs' efforts to avoid this Court's review of the underlying sovereign-immunity and standing issues are unavailing. This Court has rejected Plaintiffs' cramped reading of *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993), and the associated argument that a state official's sovereign-immunity defenses on some claims must apply to all claims to justify an interlocutory appeal. *See*

*Planned Parenthood Gulf Coast, Inc. v. Phillips*, 24 F.4th 442, 449 (5th Cir. 2022) (en banc). Instead, this Court may exercise "jurisdiction over an interlocutory appeal where the state assert[s] absolute immunity from only some, and not all, of a plaintiff's claims in the district court." *Id.* at 450 n.13.

In *BancPass, Inc. v. Highway Toll Administration, L.L.C*, this Court exercised jurisdiction over an interlocutory appeal when the state asserted immunity over one claim even though "a sovereign-immunity win on that claim would [not] dispose of the entire lawsuit." 863 F.3d 391, 396, 398 (5th Cir. 2017). Plaintiffs' position here is in direct conflict with *BancPass*.

The rejection of such arguments is necessary to effectuate the purpose of sovereign immunity. Sovereign immunity is a state official's "fundamental constitutional protection" from suit by citizens. *Metcalf & Eddy, Inc.*, 506 U.S. at 140. If Plaintiffs' view were correct, then an immune state official could be stripped of her constitutional protection and made to endure litigation any time a plaintiff also strategically pleads a claim—even an unsupported claim—under a statute waiving sovereign immunity.

4

Plaintiffs fully embrace such gamesmanship. District Attorney Ogg is not alleged to have done *a single act* in violation of any federal statute, and yet Plaintiffs brought statutory claims against her to create an argument that she cannot protect her sovereign immunity from Plaintiffs' constitutional claims. Plaintiffs' statutory claims are wholly unsupported on their face, and Plaintiffs do not demonstrate otherwise. This Court should reject Plaintiffs' ploy.

Plaintiffs' out-of-circuit cases are not binding and are distinguishable. In those cases, the parties asserted sovereign immunity from a particular strain of damages but not the underlying claims. Interlocutory appeal was not granted in these cases because the requirements for interlocutory appeal are not met when sovereign immunity is asserted against just damages and not the underlying claim. *See Espinal-Dominguez v. Com. of Puerto Rico*, 352 F.3d 490, 497 (1st Cir. 2003); *Mercer v. Magnant*, 40 F.3d 893, 897 (7th Cir. 1994); *Burns-Vidlak ex rel. Burns v. Chandler*, 165 F.3d 1257, 1259-60 (9th Cir. 1999). Here, District Attorney Ogg asserts sovereign immunity against Plaintiffs' constitutional claims in their entirety, not just as to damages.

ROA.8703-13. Accordingly, this Court has full jurisdiction to review the denial of sovereign immunity.

## II.    This Court has jurisdiction to review standing.

This Court has squarely held that when it has "interlocutory appellate jurisdiction to review a district court's denial of Eleventh Amendment immunity, [the Court] may first determine whether there is federal subject matter jurisdiction over the underlying case." *Hosp. House, Inc. v. Gilbert*, 298 F.3d 424, 429 (5th Cir. 2002); *see also Texas v. Real Parties in Int.*, 259 F.3d 387, 391 (5th Cir. 2001) (disposing of case on subject-matter jurisdiction grounds without reaching immunity question following interlocutory appeal of order denying sovereign immunity).

Plaintiffs argue that this rule governs only if the jurisdictional issue applies to all parties, but *Hospitality House* announces no such limitation. Moreover, the proposed standard is unreasoned. District Attorney Ogg should not be deprived of the ability to challenge the court's jurisdiction to hear the claims brought *against her* just because other parties (for whatever reasons, legal or non-legal, particular to them) declined to challenge the court's jurisdiction to hear claims brought

against them.  This is particularly true about standing, which is analyzed

not only defendant-by-defendant but claim-by-claim.  *Lewis v. Casey*, 518

U.S. 343, 358 n.6 (1996).

   In addition, this Court may exercise pendent appellate jurisdiction

over the standing issue.  Pendent appellate jurisdiction may be exercised

"(1) [i]f the pendent decision is 'inextricably intertwined' with the

decision over which the appellate court otherwise has jurisdiction," or "(2)

if 'review of the former decision [is] necessary to ensure meaningful

review of the latter.'" *Escobar v. Montee*, 895 F.3d 387, 391 (5th Cir. 2018)

(quoting *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 51 (1995)).  Fifth

Circuit jurisprudence "suggests that review of standing challenges in

evaluating Eleventh Amendment immunity claims is often relevant as

the issues may be both 'inextricably intertwined' and 'necessary to ensure

meaningful review.'" *Williams v. Davis*, No. 22-30181, 2023 WL 119452,

at *4 (5th Cir. 2023) (quoting *Escobar*, 895 F.3d at 391) (internal citations

omitted).   In *Williams,* for example, this Court exercised pendent

appellate jurisdiction to review standing in an interlocutory appeal

involving Eleventh Amendment sovereign-immunity issues because the

"Article III standing analysis and *Ex parte Young* analysis 'significantly

overlap[ped].'" *Id.* (quoting *City of Austin v. Paxton*, 943 F.3d 993, 1002 (5th Cir. 2019)).

Plaintiffs acknowledge the overlap between the Article III standing analysis and *Ex parte Young* analysis in the present case. Appellees' Br. at 35 ("This Court has explained that the *Ex Parte Young* inquiry "significantly overlap[s] with Article III standing . . .) (citing *City of Austin*, 943 F.3d at 1002). All three elements of the *Ex parte Young* analysis overlap with the standing requirement of causation. Plaintiffs have wholly failed to meet their burden to plead and show that District Attorney Ogg has a duty to enforce the challenged laws, has demonstrated a willingness to enforce those laws, or has enforced the laws. Thus, Plaintiffs cannot plead or show that District Attorney Ogg is the cause of any injury to Plaintiffs about which they can sue her. Moreover, Plaintiffs cannot plead and show any injury in fact traceable to District Attorney Ogg, in the absence of allegations and proof that she has demonstrated a willingness to enforce, or has actually enforced, the laws at issue.

As in *Williams*, the overlap between these issues reveals that they are inextricably intertwined and that the Court must review standing to

ensure meaningful sovereign-immunity review.  *See* 2023 WL 119452, at *4.  Thus, this Court has pendent appellate jurisdiction over Plaintiffs' lack of standing.

## III.　District Attorney Ogg is entitled to sovereign immunity.

These skirmishes over this Court's jurisdiction cannot hide that, under this Court's governing law, Plaintiffs fail to meet their burden to satisfy any of *Ex parte Young*'s requirements.  As such, District Attorney Ogg is entitled to sovereign immunity on Plaintiffs' constitutional claims.

### A.　District Attorney Ogg's authority to prosecute the offenses at issue does not amount to a specific duty to do so.

Plaintiffs argue that *Whole Woman's Health v. Jackson*, 142 S. Ct. 522 (2021), somehow changed the standard for applying the *Ex parte Young* exception to a state official's sovereign immunity.  Appellees' Br. at 33.  This Court, through which the *Whole Woman's Health* case was litigated, knows better.

In *Whole Woman's Health*, the United States Supreme Court affirmed the district court's order denying certain licensing officials' motion to dismiss based on sovereign immunity.  142 S. Ct. at 539.  Justice Gorsuch wrote for the majority, but failed to garner five votes for the portion of the opinion on which Appellees rely.  *See id*. at 528, 535-

37; Appellees' Br. at 31-32.[2]  A plurality concluded that, because the licensing officials had the specific duty to enforce Texas Senate Bill 8, the officials were not entitled to sovereign immunity under the *Ex parte Young* exception.  *Whole Woman's Health*, 142 S. Ct. at 535-36.  Before explaining the plurality's conclusion, Justice Gorsuch preliminarily stated that these defendants were "executive licensing official[s] who may or must take enforcement actions against the petitioners if they violate the terms of Texas's Health and Safety Code, including S.B. 8." *Id.* at 535.

According to Plaintiffs, the "may or must" language from the *Whole Woman's Health* plurality opinion changed hornbook law that mere authority to enforce laws—as opposed to a duty, threats to enforce, or actual enforcement—is not enough to shoehorn a claim under the *Ex parte Young* exception.  But it does no such thing.  Instead, the Supreme Court plurality confirmed that the *Ex parte Young* exception was satisfied in that case because Texas law imposes a *mandatory duty* on licensing officials to institute disciplinary proceedings when S.B. 8 is

---

[2]Appellees cite and quote the syllabus, which is not part of the Supreme Court's opinion, and Justice Gorsuch's plurality opinion.  *See* Appellees' Br. at 31.

violated. 142 S. Ct. at 536-37 ("Texas law imposes . . . a duty to enforce" "provisions of state law that appear to impose a duty . . . to bring disciplinary actions . . . if they violated S.B. 8"), citing TEX. OCC. CODE § 164.055(a) ("The board *shall* take an appropriate disciplinary action against a physician who violates Section 170.002 or Chapter 171, Health and Safety Code.") (emphasis added).

And this Court is well aware of what happened in *Whole Woman's Health* upon remand from the Supreme Court. The Supreme Court's *Whole Woman's Health* decision acknowledged uncertainty as to the scope of state law and the named state officials' authority to enforce the challenged law. Thus, on remand, this Court certified the question to the Texas Supreme Court, noting in part that "the [U.S.] Supreme Court did not conclusively determine the scope of the officials' state law duties, if any, under S.B. 8." *Whole Woman's Health v. Jackson*, 23 F.4th 380, 384 (5th Cir. 2022), *question accepted* (Jan. 21, 2022), *certified question answered*, 642 S.W.3d 569 (Tex. 2022).

Answering the certified question, the Texas Supreme Court held that the named defendants lacked authority to enforce the challenged law (S.B. 8), either directly or indirectly. *See Whole Woman's Health v.*

*Jackson*, 642 S.W.3d 569, 579 (Tex. 2022). Thus, the underpinning assumptions of the Supreme Court's decision to uphold the denial of sovereign immunity in its *Whole Woman's Health* decision were removed. Following resolution of the certified question, this Court then dismissed all challenges to the private enforcement provisions of S.B. 8 under *Ex parte Young*. *See Whole Woman's Health v. Jackson*, 31 F.4th 1004, 1006 (5th Cir. 2022).

The winding road of *Whole Woman's Health* did not chart a new course for *Ex parte Young* jurisprudence. Instead, once the end of the road was reached, it led to an ultimate affirmation of the principles that mandate dismissal of Plaintiffs' constitutional claims here.

Plaintiffs continue to conflate, as the district court did, the *authority* to enforce criminal laws (which all state prosecutors have) with a *duty* to do so (which no prosecutor has). As this Court has recognized, this is a distinction with a real and meaningful difference. *See Tex. All. for Retired Americans v. Scott*, 28 F. 4th 669, 673 (5th Cir. 2022) ("Yes, the Secretary has *discretion* to alter the form and content of electronic ballots, but . . . [p]laintiffs fail to show how that clerical discretion is a duty at all . . . ."). As a state prosecutor, District Attorney Ogg's only duty

is "to see that justice is done." TEX. CODE CRIM. P. art. 2.01. This "general dut[y] fail[s] to make [her] the enforcer of the specific election code provisions" that Plaintiffs challenge here. *Scott*, 28 F. 4th at 674; *see also City of Austin v. Paxton*, 943 F.3d 993, 999-1000 (5th Cir. 2019) (distinguishing "general duty" to implement state law from "particular duty to enforce the statute in question"). Accordingly, Plaintiffs cannot satisfy the first hurdle of *Ex parte Young*.

## B. Plaintiffs fail to show that District Attorney Ogg has demonstrated a willingness to enforce the challenged statutes.

Plaintiffs ask this Court to *presume*, as the district court did, that District Attorney Ogg has credibly threatened Plaintiffs with prosecution. Appellees' Br. at 35. Such a First Amendment presumption should not apply here for reasons District Attorney Ogg has already explained. Appellant's Br. at 18-21. Even if the presumption did apply, District Attorney Ogg's written offer to stipulate provides the *only* evidence of intent, and her clear intent is to *not* enforce the statutes. Because concrete evidence of her intent exists, there is no gap for the presumption to fill.

To further support their contention that the presumption should apply, Plaintiffs allege that certain other state officials, the Texas Attorney General and the Texas Secretary of State, "have significant control and influence over [District Attorney Ogg's] enforcement discretion and have threatened enforcement of the [challenged provisions]." Appellees' Br. at 36 (internal citations omitted). Such an assertion is based on a mischaracterization of the basic structure of the Texas criminal justice system as it has existed throughout most of Texas history, first as a republic and later as a state. It flies in the face of the plain division of authority set out in the Texas Constitution and laws.

The contention that the Attorney General or Secretary of State have "control and influence" over a district attorney's discretionary authority to prosecute is patently false.[3]  District attorneys in Texas do not report to, or take direction from, the Attorney General, much less the

---

[3]Under the Election Code, a district attorney is required to *investigate* certain alleged criminal conduct on referral from the Secretary of State or direction of the Attorney General. *See* TEX. ELEC. CODE §§ 273.001, 273.002. However, there are no statutes requiring a district attorney to actually prosecute criminal cases at the request of any state official. Nor does Election Code § 273.022 give the Attorney General any influence over a district attorney's prosecution of Election Code offenses because the Attorney General lacks authority to prosecute election law offenses, as held in *State v. Stephens*, Nos. PD-1032-20 & PD-1033-20, 2021 WL 5917198, at *1, *11 (Tex. Crim. App. Dec. 15, 2021).

Secretary of State.  A Texas district attorney derives her authority as an independent attorney for the State, for criminal matters within her jurisdiction, from the Texas Constitution and associated laws. *See* TEX. CONST. art. V, sec. 21; TEX. GOV'T CODE § 43.180(b), (c).

Plaintiffs' allegations about what they claim the Attorney General or the Secretary of State will do or have done with respect to the challenged laws are thus irrelevant to whether District Attorney Ogg has sovereign immunity from their constitutional claims.  Plaintiffs ostensibly added District Attorney Ogg to their case (in midstream, months after they initially filed it) because they believe District Attorney Ogg has some *separate* authority from other state actors, such as the Attorney General and Secretary of State.  In fact, Plaintiffs do not allege that District Attorney Ogg will grant the Attorney General permission to prosecute any violations of the challenged statutes, and they would have no factual basis to make such an allegation.  In addition, that District Attorney Ogg may *theoretically* receive allegations of violations from the Secretary of State establishes nothing for Plaintiffs' claims.  Plaintiffs could never allege much less prove that the Secretary of State has the authority or ability to force District Attorney Ogg to prosecute anyone.

Plaintiffs' shell game of mixing and matching state officials cannot mask the absence of any basis for invoking the *Ex parte Young* exception on their constitutional claims against District Attorney Ogg.

### C.     Plaintiffs fail to show that District Attorney Ogg has compelled or constrained anyone by enforcing or threatening to enforce the challenged statutes.

To fall within the *Ex parte Young* exception, a suit must seek prospective relief to redress ongoing conduct. *Williams*, 2023 WL 119452, at *6 (citing *Freedom from Religion Found. v. Abbott*, 955 F.3d 417, 424 (5th Cir. 2020)). Thus, contrary to Plaintiffs' assertions, the duty to enforce a challenged statute, on its own, is not enough to satisfy *Ex parte Young*; Plaintiffs must also show ongoing enforcement conduct by District Attorney Ogg that can be redressed prospectively.

Plaintiffs cannot make any such showing. They have no response to the types of actions this Court has held qualify as "enforcement." *See K.P. v LeBlanc*, 627 F.3d 115, 124-25 (5th Cir. 2010); *Air Evac EMS, Inc. v. Tex. Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 519 (5th Cir. 2017); *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 392 (5th Cir. 2015)); Appellant's Br. at 22. Plaintiffs ignore these decisions, as they must.

16

They have not alleged that District Attorney Ogg has done anything to enforce the challenged statutes.

### D.    Plaintiffs' claim "we must be able to sue somebody" rings hollow.

Plaintiffs complain that District Attorney Ogg's sovereign immunity leaves them with "no valid officer to be sued to provide relief from constitutional violations." Appellees' Br. at 38. Apart from the fact that Plaintiffs are currently engaged in heavy litigation before the district court with defendants ready, willing, and able to engage on the challenged laws' constitutionality, this argument of "if I don't like a law passed by the Texas Legislature, I have to be able to sue someone over it" turns sovereign-immunity law on its head. The bedrock principle is that state officials acting in their official capacities are generally immune from suit under the Eleventh Amendment and the doctrine of sovereign immunity. This is the rule, not "I have to be able to sue someone." Absent limited exceptions, Plaintiffs have no right to sue any state official. *See Whole Woman's Health*, 142 S. Ct. at 532. These limited exceptions are not met when they bring suit against a state official who has taken no action against them or anyone else to enforce a law passed by the Legislature.

A court's jurisdiction is not triggered by the desire of a plaintiff (here, an advocacy group) to challenge a law, such as the "election integrity" laws at issue here. And whether District Attorney Ogg is a proper defendant does not depend in any way, shape, or form on whether some other proper defendant exists. Nor is it District Attorney Ogg's job to devise a legal strategy for Plaintiffs' claims. The bedrock principle of sovereign immunity remains.

## IV.  Plaintiffs lack standing to sue District Attorney Ogg under any federal statute.

Plaintiffs' inability to establish standing renders their statutory claims futile.

### A.  Plaintiffs have suffered no injury in fact because they have no intent to engage in conduct that would subject them to criminal prosecution under the challenged statutes.

Plaintiffs contend that their desired conduct, voter outreach and education, is arguably proscribed by S.B. 1 Sections 6.04, 6.05, 6.06, and 7.04. Appellees' Br. at 42, 44. These are poor examples for many reasons.

First, Section 7.04 only criminalizes conduct involving compensation for "vote harvesting services," which Plaintiffs have not said they intend to engage in. Similarly, Plaintiffs have not alleged that they will compensate persons for assisting voters or accept compensation

themselves in violation of Section 6.06, only that their members have a subjective fear that they could possibly be "construed" as accepting compensation.  *See* Appellees' Br. at 44.

Finally, Plaintiffs' allegations related to Sections 6.04 and 6.05 are purely hypothetical.  The voter's assistants Plaintiffs identify have apparently said they "may be unwilling to assist her with voting in the future for fear of prosecution," meaning they may also be willing to do so. *See* Appellees' Br. at 45.

Similar problems exist with the laundry list of other provisions District Attorney Ogg identified in her opening brief, largely ignored by Plaintiffs.  Without any real intent to engage in conduct arguably proscribed by the challenged statutes, Plaintiffs lack standing.

### B.    Plaintiffs have suffered no injury in fact because there is no credible threat of prosecution.

Regardless of Plaintiffs intent to engage in proscribed conduct, Plaintiffs cannot point to a single action District Attorney Ogg has taken showing a substantial threat, or any threat, she will attempt to enforce any of the challenged criminal provisions.  While a plaintiff need not expose himself to liability before bringing suit to challenge the basis of the threat, pre-enforcement review is only permitted under

circumstances that render the threatened enforcement sufficiently imminent. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014). Because Plaintiffs have not alleged or offered proof that District Attorney Ogg will ever, let alone imminently, enforce the challenged statutes, Plaintiffs cannot maintain this action against her. *See Younger v. Harris*, 401 US 37, 42 (1971) ("A federal lawsuit to stop a prosecution in a state court is a serious matter. And persons having no fears of state prosecution except those that are imaginary or speculative, are not to be accepted as appropriate plaintiffs in such cases.").

## C.    There is no causal connection to District Attorney Ogg to support standing.

Plaintiffs overread *OCA-Greater Houston v. Texas*, 867 F.3d 604 (5th Cir. 2017), to suggest that the traceability element is met by default any time a challenge to a criminal law is brought against a prosecutor. Appellees' Br. at 49-50.

That is not what this Court held. Indeed, in that case, the State of Texas itself was a defendant. As the Court explained, the "facial invalidity of a Texas election statute is, without question, fairly traceable to and redressable by the State itself." 867 F.3d at 613-14. Additionally, the named state official (the Texas Secretary of State) had an identified

duty to interpret the challenged law.  *Id*.  Here, there is no basis (nor could there be) for a valid contention that District Attorney Ogg passed S.B. 1 into law, has a duty to enforce S.B. 1 against Plaintiffs or anyone else, or has an obligation to interpret S.B. 1.  Without any connection between District Attorney Ogg and Plaintiffs' desired relief, Plaintiffs lack standing to sue District Attorney Ogg.

## CONCLUSION

For these reasons, District Attorney Ogg respectfully requests this Court reverse the order of the district court and enter judgment that Plaintiffs-Appellees take nothing from District Attorney Ogg.

Respectfully submitted,

**BUTLER SNOW LLP**

By:  */s/ Eric J.R. Nichols*
   Eric J.R. Nichols
   State Bar No. 14994900
   eric.nichols@butlersnow.com
   D. Todd Smith
   State Bar No. 00797451
   todd.smith@butlersnow.com
   1400 Lavaca Street, Suite 1000
   Austin, Texas 78701
   Tel: (737) 802-1800
   Fax: (737) 802-1801

**ATTORNEYS FOR DEFENDANT-APPELLANT**

21

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2023, this Appellant's Reply Brief was electronically filed using the Fifth Circuit's CM/ECF system, which provides access to filings to registered counsel of record, including the following:

John C. Bonifaz
Ben Clements
Ronald Fein
FREE SPEECH FOR PEOPLE
48 North Pleasant Street Suite 405
Amherst, MA 01002
**Attorneys for Plaintiff-Appellee Mi Familia Vota**

Eitan Berkowitz
ARENTFOX SCHIFF, L.L.P.
44 Montgomery Street, 38th Floor
San Francisco, CA 94104
**Attorney for Plaintiff-Appellee Mi Familia Vota**

Courtney M. Hostetler
John C. Bonifaz
Ben Clements
Ronald Fein
FREE SPEECH FOR PEOPLE
48 North Pleasant Street Suite 405
Amherst, MA 01002
**Attorneys for Plaintiff-Appellee Marla Lopez**

Courtney M. Hostetler
John C. Bonifaz
Ben Clements
Ronald Fein
FREE SPEECH FOR PEOPLE

48 North Pleasant Street Suite 405
Amherst, MA 01002
**Attorneys for Plaintiff-Appellee Marlon Lopez**

Courtney M. Hostetler
John C. Bonifaz
Ben Clements
Ronald Fein
FREE SPEECH FOR PEOPLE
48 North Pleasant Street Suite 405
Amherst, MA 01002
**Attorneys for Plaintiff-Appellee Paul Rutledge**

Zachary Dolling
Hani Mirza
TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, TX 78741-3438
**Attorneys for Plaintiff-Appellee OCA-Greater Houston**

Jessica R. Amunson
JENNER & BLOCK, L.L.P.
1099 New York Avenue, N.W., Suite 900
Washington D.C., 20001-4412
**Attorney for Plaintiff-Appellee OCA-Greater Houston**

Adriel I. C. Derieux
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004-2400
**Attorney for Plaintiff-Appellee OCA-Greater Houston**

Peter T. Hofer
Lisa Snead
DISABILITY RIGHTS TEXAS
2222 W. Breaker Lane
Austin, TX 78758
**Attorneys for Plaintiff-Appellee OCA-Greater Houston**

Jerry Vattamala
ASIAN AMERICAN LEGAL DEFENSE & EDUCATIONAL FUND
99 Hudson Street, 12th Floor
New York, NY 10013
**Attorney for Plaintiff-Appellee OCA-Greater Houston**

Zachary Dolling
Hani Mirza
TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, TX 78741-3438
**Attorneys for Plaintiff-Appellee League of Women Voters of Texas**

Jessica R. Amunson
JENNER & BLOCK, L.L.P.
1099 New York Avenue, N.W., Suite 900
Washington D.C., 20001-4412
**Attorney for Plaintiff-Appellee League of Women Voters of Texas**

Adriel I. C. Derieux
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004-2400
**Attorney for Plaintiff-Appellee League of Women Voters of Texas**

Peter T. Hofer
Lisa Snead
DISABILITY RIGHTS TEXAS
2222 W. Breaker Lane
Austin, TX 78758
**Attorneys for Plaintiff-Appellee League of Women Voters of Texas**

Jerry Vattamala
ASIAN AMERICAN LEGAL DEFENSE & EDUCATIONAL FUND
99 Hudson Street, 12th Floor
New York, NY 10013
**Attorney for Plaintiff-Appellee League of Women Voters of Texas**

Zachary Dolling
Hani Mirza
TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, TX 78741-3438
**Attorneys for Plaintiff-Appellee REVUP-Texas**

Jessica R. Amunson
JENNER & BLOCK, L.L.P.
1099 New York Avenue, N.W., Suite 900
Washington D.C., 20001-4412
**Attorney for Plaintiff-Appellee REVUP-Texas**

Adriel I. C. Derieux
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004-2400
**Attorney for Plaintiff-Appellee REVUP-Texas**

Peter T. Hofer
Lisa Snead
DISABILITY RIGHTS TEXAS
2222 W. Breaker Lane
Austin, TX 78758
**Attorneys for Plaintiff-Appellee REVUP-Texas**

Jerry Vattamala
ASIAN AMERICAN LEGAL DEFENSE & EDUCATIONAL FUND
99 Hudson Street, 12th Floor
New York, NY 10013
**Attorney for Plaintiff-Appellee REVUP-Texas**

Zachary Dolling
Hani Mirza
TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, TX 78741-3438
**Attorneys for Plaintiff-Appellee Workers Defense Action Fund**

Jessica R. Amunson
JENNER & BLOCK, L.L.P.
1099 New York Avenue, N.W., Suite 900
Washington D.C., 20001-4412
**Attorney for Plaintiff-Appellee Workers Defense Action Fund**

Adriel I. C. Derieux
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004-2400
**Attorney for Plaintiff-Appellee Workers Defense Action Fund**

Peter T. Hofer
Lisa Snead
DISABILITY RIGHTS TEXAS
2222 W. Breaker Lane
Austin, TX 78758
**Attorneys for Plaintiff-Appellee Workers Defense Action Fund**

Jerry Vattamala
ASIAN AMERICAN LEGAL DEFENSE & EDUCATIONAL FUND
99 Hudson Street, 12th Floor
New York, NY 10013
**Attorney for Plaintiff-Appellee Workers Defense Action Fund**

Uzoma Nkem Nkwonta
Noah Baron
Christopher D. Dodge
Jonathan P. Hawley
Elena A. R. Armenta

Graham White
ELIAS LAW GROUP, L.L.P.
10 G Street, Suite 600
Washington, DC 20002
**Attorneys for Plaintiff-Appellee LULAC TEXAS**

Uzoma Nkem Nkwonta
Noah Baron
Christopher D. Dodge
Jonathan P. Hawley
Elena A. R. Armenta
Graham White
ELIAS LAW GROUP, L.L.P.
10 G Street, Suite 600
Washington, DC 20002
**Attorneys for Plaintiff-Appellee Vote Latino**

Uzoma Nkem Nkwonta
Noah Baron
Christopher D. Dodge
Jonathan P. Hawley
Elena A. R. Armenta
Graham White
ELIAS LAW GROUP, L.L.P.
10 G Street, Suite 600
Washington, DC 20002
**Attorneys for Plaintiff-Appellee Texas Alliance for Retired Americans**

Uzoma Nkem Nkwonta
Noah Baron
Christopher D. Dodge
Jonathan P. Hawley
Elena A. R. Armenta
Graham White
ELIAS LAW GROUP, L.L.P.
10 G Street, Suite 600
Washington, DC 20002

**Attorneys for Plaintiff-Appellee Texas AFT**

Kenneth E. Broughton, Jr.
Danielle Ahlrich
REED SMITH, L.L.P.
81 Main Street, Suite 1700
Houston, TX 77002-6110
**Attorneys for Plaintiff-Appellee Delta Sigma Theta Sorority, Inc.**

Mohammed A. Badat
Victor Genecin, Esq.
Kathryn C. Sadasivan
R. Gary Spencer
NAACP
Legal Defense & Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006-1738
**Attorneys for Plaintiff-Appellee Delta Sigma Theta Sorority, Inc.**

Eitan Berkowitz
ARENTFOX SCHIFF, L.L.P.
44 Montgomery Street, 38th Floor
San Francisco, CA 94104
**Attorney for Plaintiff-Appellee Delta Sigma Theta Sorority, Inc.**

J. Michael Showalter
ARENTFOX SCHIFF, L.L.P.
233 S. Wacker Drive, Suite 7100
Willis Tower
Chicago, IL 60606
**Attorney for Plaintiff-Appellee Delta Sigma Theta Sorority, Inc.**

Kenneth E. Broughton, Jr.
Danielle Ahlrich
REED SMITH, L.L.P.
81 Main Street, Suite 1700

Houston, TX 77002-6110
**Attorneys for Plaintiff-Appellee Houston Area Urban League**

Mohammed A. Badat
Victor Genecin, Esq.
Kathryn C. Sadasivan
R. Gary Spencer
NAACP
Legal Defense & Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006-1738
**Attorneys for Plaintiff-Appellee Houston Area Urban League**

Eitan Berkowitz
ARENTFOX SCHIFF, L.L.P.
44 Montgomery Street, 38th Floor
San Francisco, CA 94104
**Attorney for Plaintiff-Appellee Houston Area Urban League**

J. Michael Showalter
ARENTFOX SCHIFF, L.L.P.
233 S. Wacker Drive, Suite 7100
Willis Tower
Chicago, IL 60606
**Attorney for Plaintiff-Appellee Houston Area Urban League**

Kenneth E. Broughton, Jr.
Danielle Ahlrich
REED SMITH, L.L.P.
81 Main Street, Suite 1700
Houston, TX 77002-6110
**Attorneys for Plaintiff-Appellee Arc of Texas**

Mohammed A. Badat
Victor Genecin, Esq.
Kathryn C. Sadasivan
R. Gary Spencer
NAACP

Legal Defense & Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006-1738
**Attorneys for Plaintiff-Appellee Arc of Texas**

J. Michael Showalter
ARENTFOX SCHIFF, L.L.P.
233 S. Wacker Drive, Suite 7100
Willis Tower
Chicago, IL 60606
**Attorney for Plaintiff-Appellee Arc of Texas**

Kenneth E. Broughton, Jr.
Danielle Ahlrich
REED SMITH, L.L.P.
81 Main Street, Suite 1700
Houston, TX 77002-6110
**Attorney for Plaintiff-Appellee Jeffrey Lamar Clemmons**

Mohammed A. Badat
Victor Genecin, Esq.
Kathryn C. Sadasivan
R. Gary Spencer
NAACP
Legal Defense & Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006-1738
**Attorney for Plaintiff-Appellee Jeffrey Lamar Clemmons**

Eitan Berkowitz
ARENTFOX SCHIFF, L.L.P.
44 Montgomery Street, 38th Floor
San Francisco, CA 94104
**Attorney for Plaintiff-Appellee Jeffrey Lamar Clemmons**

J. Michael Showalter
ARENTFOX SCHIFF, L.L.P.
233 S. Wacker Drive, Suite 7100

Willis Tower
Chicago, IL 60606
**Attorney for Plaintiff-Appellee Jeffrey Lamar Clemmons**

/s/ *Eric J.R. Nichols*

Eric J.R. Nichols
**Attorney for Defendant-Appellant**

## CERTIFICATE OF COMPLIANCE

I hereby certify that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the filed document in compliance with Fifth Circuit Rule 25.2.1; (3) the document complies with the form requirements of FED. R. APP. P. 32, has been prepared in Century Schoolbook 14-point font (12-point font for footnotes), and contains 3,930 words excluding the items identified in FED. R. APP. P. 32(f).

*/s/ Eric J.R. Nichols*
Eric J.R. Nichols
**Attorney for Defendant-Appellant**