

250 Massachusetts Ave NW, Suite 400 | Washington, DC 20001

July 9, 2023

Uzoma Nkwonta
unkwonta@elias.law
D. +1.202.968.4517

Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Herbert Building
600 S. Maestri Place, Suite 115
New Orleans, LA 70130-3408

> Re: *Mi Familia Vota v. Ogg*, Case No. 22-50732
> Argument scheduled: July 12, 2023
> Panel: Richman, Southwick, Oldham

Dear Mr. Cayce:

Pursuant to Rule 28(j), Plaintiffs-Appellees submit *Ostrewich v. Tatum*, Case No. 21-20577 (Jun. 28, 2023, 5th Cir.), which affirmed that a plaintiff had standing to sue a district attorney—Defendant-Appellant Ogg herself—in a challenge to criminal electioneering statutes. *Ostrewich* further forecloses Ogg's standing arguments here.

*Ostrewich* rejects Ogg's argument that Plaintiffs-Appellants do not face a credible threat of prosecution, and thus lack standing, because she has not taken steps to enforce the challenged Criminal Provisions. *See* Appellants' Br. at 27-30; Reply at 19-20. Appellants raised identical arguments in *Ostrewich*, contending the plaintiff lacked standing because she offered "no evidence that she—or any Texas voter—has or will ever face a credible threat of prosecution for violating the electioneering laws." Slip op. at 11. As Appellants further noted, the plaintiff "was never prosecuted for violating Texas's electioneering laws" and, in fact, the "Harris County District Attorney ha[d] not brought any such prosecutions [under the challenged electioneering laws] in at least ten years." *Ostrewich v. Longoria*, Case No. 21-20577, Br. for Defendants-Appellees/Cross-Appellants at 2-3, 20 (April 11, 2022).

This Court nonetheless found the Appellants' standing argument "refuted" by precedent. Slip op. at 11. Specifically, "for pre-enforcement challenges to newly enacted or 'non-moribund' statutes restricting speech," courts assume a "credible threat of prosecution in the absence of compelling contrary evidence." *Id.* (quoting *Speech First v. Fenves*, 979 F.3d 319, 335 (5th Cir. 2020)). SB 1's Criminal Provision are such newly-enacted statutes, and this Court must also presume a credible threat of prosecution—regardless of whether Ogg has enforced the Criminal Provisions against Plaintiffs-Appellants—because Ogg has offered no compelling evidence that she will not enforce them. Appellees' Br. at 35-36, 43-44.

Lyle W. Cayce
July 9, 2023
Page 2

                                                      Sincerely,

                                                      */s/ Uzoma N. Nkwonta*
                                                      Uzoma N. Nkwonta