# No. 22-50732

## In the United States Court of Appeals for the Fifth Circuit

MI FAMILIA VOTA; MARLA LOPEZ; MARLON LOPEZ; PAUL RUTLEDGE,

> *Plaintiffs-Appellees,*

v.

KIM OGG,

> *Defendant-Appellant.*

OCA-GREATER HOUSTON; LEAGUE OF WOMEN VOTERS OF TEXAS; REVUP-TEXAS; TEXAS ORGANIZING PROJECT; WORKERS DEFENSE ACTION FUND,

> *Plaintiffs-Appellees,*

v.

JOSE A. ESPARZA, IN HIS OFFICIAL CAPACITY AS TEXAS SECRETARY OF STATE (ACTING), ET AL.,

> *Defendants.*

KIM OGG

> *Appellant.*

LULAC TEXAS; VOTO LATINO; TEXAS ALLIANCE FOR RETIRED
AMERICANS; TEXAS AFT,

Plaintiffs-Appellees,

v.

JOSE ESPARZA, ET AL.,

Defendants.

Kim Ogg

Appellant.

_____

DELTA SIGMA THETA SORORITY, INC.; HOUSTON AREA URBAN
LEAGUE; THE ARC OF TEXAS; JEFFREY LAMAR CLEMMONS,

Plaintiffs-Appellees,

v.

GREGORY WAYNE ABBOTT, IN HIS OFFICIAL CAPACITY AS THE
GOVERNOR OF TEXAS, ET AL.,

Defendants.

KIM OGG

Appellant.

_____

MI FAMILIA VOTA; MARLA LOPEZ; MARLON LOPEZ; PAUL RUTLEDGE,

Plaintiffs-Appellees,

v.

GREG ABBOTT, IN HIS OFFICIAL CAPACITY AS THE GOVERNOR OF TEXAS, ET AL.,

Defendants.

KIM OGG

Appellant.

---

**On Appeal from the United States District Court
for the Western District of Texas, San Antonio Division**
Civil Action No. 5:21-CV-844 (lead case);
Civil Action No. 1:21-CV-780; Civil Action No. 1:21-CV-786;
Civil Action No. 5:21-CV-848; Civil Action No. 5:21-CV-920
Honorable Xavier Rodriguez, United States District Judge, presiding

---

## APPELLANT'S BRIEF

---

ERIC J.R. NICHOLS
State Bar No. 14994900
Attorney-in-Charge

Butler Snow LLP
1400 Lavaca Street, Suite 1000
Austin, Texas 78701

KARSON THOMPSON
State Bar No. 24083966

Butler Snow LLP
1400 Lavaca Street, Suite 1000
Austin, Texas 78701

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

**Plaintiffs-Appellees**
Mi Familia Vota
Marla Lopez
Marlon Lopez
Paul Rutledge
OCA-Greater Houston
League of Women Voters of Texas
REVUP-Texas
Texas Organizing Project
Workers Defense Action Fund
LULAC TEXAS
Vote Latino
Texas Alliance for Retired Americans
Texas AFT
Delta Sigma Theta Sorority, Inc.
Houston Area Urban League
Arc of Texas
Jeffrey Lamar Clemmons

**Plaintiffs-Appellees' Counsel**
Courtney M. Hostetler
John C. Bonifaz
Ben Clements
Ronald Fein
 FREE SPEECH FOR PEOPLE
 48 North Pleasant Street Suite 405
 Amherst, MA 01002

Eitan Berkowitz
 ARENTFOX SCHIFF, L.L.P.

iv

44 Montgomery Street, 38th Floor
San Francisco, CA 94104

Zachary Dolling
Hani Mirza
    TEXAS CIVIL RIGHTS PROJECT
    1405 Montopolis Drive
    Austin, TX 78741-3438

Jessica R. Amunson
    JENNER & BLOCK, L.L.P.
    1099 New York Avenue, N.W., Suite 900
    Washington D.C., 20001-4412

Adriel I. C. Derieux
    AMERICAN CIVIL LIBERTIES UNION FOUNDATION
    125 Broad Street, 18th Floor
    New York, NY 10004-2400

Peter T. Hofer
Lisa Snead
    DISABILITY RIGHTS TEXAS
    2222 W. Breaker Lane
    Austin, TX 78758

Jerry Vattamala
    ASIAN AMERICAN LEGAL DEFENSE & EDUCATIONAL
    FUND
    99 Hudson Street, 12th Floor
    New York, NY 10013

Uzoma Nkem Nkwonta
Noah Baron
Christopher D. Dodge
Jonathan P. Hawley
Elena A. R. Armenta
Graham White
    ELIAS LAW GROUP, L.L.P.

v

10 G Street, Suite 600
Washington, DC 20002

Kenneth E. Broughton, Jr.
Danielle Ahlrich
REED SMITH, L.L.P.
81 Main Street, Suite 1700
Houston, TX 77002-6110

Mohammed A. Badat
Victor Genecin, Esq.
Kathryn C. Sadasivan
R. Gary Spencer
NAACP
Legal Defense & Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006-1738

J. Michael Showalter
ARENTFOX SCHIFF, L.L.P.
233 S. Wacker Drive, Suite 7100
Willis Tower
Chicago, IL 60606

**Defendant-Appellant**
Kim Ogg

**Defendant-Appellant's Counsel**
Eric J.R. Nichols
Karson Thompson
Butler Snow LLP
1400 Lavaca Street, Suite 1000
Austin, Texas 78701

**BUTLER SNOW LLP**

By: _/s/ Eric J.R. Nichols_
    Eric J.R. Nichols
    State Bar No. 14994900
    eric.nichols@butlersnow.com
    1400 Lavaca Street, Suite 1000
    Austin, Texas 78701
    Tel: (737) 802-1800
    Fax: (737) 802-1801

**ATTORNEY FOR DEFENDANT-APPELLANT**

## STATEMENT REGARDING ORAL ARGUMENT

This procedurally complex interlocutory appeal presents an important issue of sovereign immunity with wide-sweeping consequences for district attorneys in the State of Texas and future constitutional litigation in this circuit. Appellant respectfully suggests oral argument may assist the Court in deciding the case.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ....................................................... iv

STATEMENT REGARDING ORAL ARGUMENT ........................................... viii

TABLE OF CONTENTS...................................................................................... ix

TABLE OF AUTHORITIES ................................................................................ xi

JURISDICTIONAL STATEMENT ........................................................................1

STATEMENT OF THE ISSUES............................................................................2

STATEMENT OF THE CASE...............................................................................3

SUMMARY OF THE ARGUMENT ......................................................................9

ARGUMENT ......................................................................................................12

    I.     Standard of Review ...............................................................................12

    II.    District Attorney Ogg is entitled to sovereign immunity....................12

         A.    District Attorney Ogg does not have a specific duty to enforce criminal offenses created or modified by S.B. 1. ........14

         B.    Plaintiffs cannot allege that District Attorney Ogg has threatened or demonstrated a willingness to enforce S.B. 1's criminal provisions.......................................................17

         C.    District Attorney Ogg has not compelled or constrained anyone by enforcing or threatening to enforce S.B. 1's criminal provisions..................................................................21

    III.   Denying sovereign immunity on this record will have significant negative consequences. ........................................................................23

    IV.   Plaintiffs-Appellees lack standing to sue District Attorney Ogg under federal statutes. ......................................................................................25

         A.    There is no injury in fact because no plaintiff intends to commit the challenged criminal offenses or faces a credible threat of prosecution.....................................................27

         B.    There is no causal connection because District Attorney Ogg is not alleged to have done anything.................................30

CONCLUSION ..................................................................................31

CERTIFICATE OF SERVICE ...........................................................33

CERTIFICATE OF COMPLIANCE.....................................................43

# TABLE OF AUTHORITIES

## Cases

*Air Evac EMS, Inc. v. Tex. Dep't of Ins., Div. of Workers' Comp.,*
   851 F.3d 507 (5th Cir. 2017) ................................................................ 22

*Barilla v. City of Hous., Tex.,*
   13 F.4th 427 (5th Cir. 2021) ............................................................... 28

*Blum v. Yaretsky,*
   457 U.S. 991 (1982) ............................................................................. 27

*Cf. Planned Parenthood Ctr. for Choice v. Abbott,*
   No. A-20-CV-323-LY, 2020 WL 1815587, (W.D. Tex. Apr. 9, 2020 ...... 8

*City of Austin v. Paxton,*
   943 F.3d 993 (5th Cir. 2019) ............................................................... 13

*Esteves v. Brock,*
   106 F.3d 674 & n.8 (5th Cir. 1997) ..................................................... 12

*Ex parte Young,*
   209 U.S. 123 (1908) ..................................................................... passim

*Heckman v. Williamson County,*
   369 S.W.3d 137 (Tex. 2012) ................................................................ 31

*Hospitality House, Inc. v. Gilbert,*
   298 F.3d 424 (5th Cir. 2002) ............................................................... 26

*In re Abbott,*
   956 F.3d 696 (5th Cir. 2020) ................................................................. 8

*K.P. v. LeBlanc,*
   627 F.3d 115 (5th Cir. 2010) ............................................................... 22

*Lewis v. Casey,*
   518 U.S. 343 (1996) ............................................................................. 27

*Lujan v. Defenders of Wildlife,*
   504 U.S. 555 (1992) ............................................................................. 26

*Mi Familia Vota v. Abbott,*
   977 F.3d 461 (5th Cir. 2020) ............................................................... 25

*Neal v. State,*
   150 S.W.3d 169 (Tex. Crim. App. 2004) ............................................. 15

*NiGen Biotech, L.L.C. v. Paxton,*
   804 F.3d 389 (5th Cir. 2015) ............................................................... 22

*Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,*
   506 U.S. 139 (1993) ......................................................................... 1, 23

*Russell v. Jones*,
  No. 21-20269, 2022 WL 4296644 at \*3 (5th Cir. Sept. 19, 2022).......23
*Simon v. E. Ky. Welfare Rights Org.*,
  426 U.S. 26 (1976).........................................................................31
*Speech First, Inc. v. Fenves*,
  979 F.3d 319, 335 (5th Cit. 2020) ................................................19
*State v. Stephens*,
  Nos. PD-1032-20, PD-1033-20, 2021 WL 5917198
  (Tex. Crim. App. Dec. 15, 2021) ..........................................6, 16
*State v. Stephens*,
  Nos. PD-1032-20, PD-1033-20,
  2022 WL 4493899 (Tex. Crim. App. Sept. 28, 2022) ...............6, 15, 16
*Susan B. Anthony List v. Driehaus*,
  573 U.S. 149 (2014)......................................................................28
*Tex. All. for Retired Americans v. Scott*,
  28 F.4th 669 (5th Cir. 2022) ...............................................12, 14, 17
*Tex. Democratic Party v. Abbott*,
  960 F.3d 389 (5th Cir. 2020)...........................................................12
*Whole Woman's Health v. Jackson*,
  13 F.4th 434 (5th Cir. 2021) ........................................................1, 26

## Statutes

Tex. Code Crim. P. art. 2.01 ...............................................................15
Tex. Const. art. V, sec. 21 ..................................................................13
Tex. Elec. Code § 273.021(a) ...............................................................4
Tex. Elec. Code § 276.004(a)..............................................................29
Tex. Elec. Code § 276.015..................................................................29
Tex. Elec. Code § 276.015(b)-(d)..........................................................3
Tex. Elec. Code § 276.016..................................................................29
Tex. Elec. Code § 276.017..................................................................29
Tex. Elec. Code § 276.018..................................................................29
Tex. Elec. Code § 33.051(g) ............................................................3, 28
Tex. Elec. Code § 33.061(a) ............................................................3, 28
Tex. Elec. Code § 86.006(f) .............................................................3, 28
Tex. Elec. Code § 86.010(f) ...............................................................29
Tex. Elec. Code § 86.0105(a) .............................................................29
Tex. Gov't Code § 43.180(b), (c) .........................................................13
Tex. Gov't Code §§ 43.......................................................................15

Tex. Gov't Code § § 44 ............................................................... 15

Tex. Gov't Code § § 45 ............................................................... 15

## Other Authorities

13A CHARLES ALAN WRIGHT ET AL.,
FEDERAL PRACTICE & PROCEDURE
§ 3531.5, at 385 (3d ed. 2008) ................................................. 31

# JURISDICTIONAL STATEMENT

This Court has original jurisdiction over the federal constitutional and statutory claims brought by Plaintiffs-Appellees.  28 U.S.C. § 1331.  The district court denied District Attorney Ogg's motion to dismiss based on sovereign immunity and standing grounds on August 2, 2022.  ROA.10792.  District Attorney Ogg timely appealed on August 10, 2022.  ROA.10809.  This Court has jurisdiction to review the district court's denial of sovereign immunity under the collateral order doctrine.  *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 141 (1993).  This Court also has jurisdiction to review questions of standing in a collateral-order appeal involving sovereign immunity.  *Whole Woman's Health v. Jackson*, 13 F.4th 434, 446 n.18 (5th Cir. 2021); *Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 429 (5th Cir. 2002).

1

## STATEMENT OF THE ISSUES

1. Sovereign immunity typically prohibits suits against state officials in their official capacity.  The legal fiction of *Ex parte Young,* 209 U.S. 123 (1908), functions as a narrow exception, authorizing suits to prospectively enjoin unconstitutional conduct by state officials who have a sufficient "connection" to the enforcement of a challenged statute.  May a plaintiff seeking to challenge a criminal statute sue a district attorney under *Ex parte Young* based solely on the district attorney's general authority to enforce criminal laws and not upon any specific conduct attributed to that district attorney?

2. A person bringing a pre-enforcement challenge to a criminal statute must establish standing by showing he has a serious intent to violate the statute and faces a credible threat of prosecution for doing so.  Does a plaintiff have standing to sue where (1) he does not allege any intent to commit the criminal offense being challenged, and (2) the prosecutor has declared she is not interested in enforcing the statute while litigation challenging its constitutionality remains pending?

## STATEMENT OF THE CASE

On September 7, 2021, Texas Governor Greg Abbott signed into law the Election Integrity Protection Act of 2021, colloquially known by its Texas Senate bill number, "S.B. 1." The bill modified various provisions of the Texas Election Code concerning voting. In addition to modifying and creating new rules governing elections in the State of Texas, S.B. 1 modified some existing elections-related criminal statutes and created several new ones. *E.g.*, TEX. ELEC. CODE § 33.051(g) (making it an offense for an election officer to intentionally or knowingly refuse to accept a poll watcher as required by law), § 276.015(b)-(d) (criminalizing "vote harvesting").[1]

Advocacy groups and others soon thereafter filed lawsuits challenging the constitutionality of S.B. 1. *E.g.*, ROA.111 (Original Complaint filed by La Union del Pueblo Entero and others in 5:21-cv-00844-XR); ROA.11174 (Original Complaint filed by OCA-Greater Houston and others in 1:21-cv-00780-XR); ROA.11992 (Original Complaint filed by Mi Familia Vota and others in 5:21-cv-00920-XR);

---

[1]Many of the modified criminal offenses have existed under Texas law for decades. *E.g.*, TEX. ELEC. CODE § 33.061(a) (offense in existence since 1986); TEX. ELEC. CODE § 86.006(f) (offense in existence since 2003).

ROA.11720 (Original Complaint filed by Houston Justice and others in 5:21-cv-00848-XR); ROA.11429 (Original Complaint filed by LULAC Texas and others in 1:21-cv-00786-XR). This consolidated litigation brings together these five lawsuits under the management of presiding judge Xavier Rodriguez in San Antonio. ROA.522 (order consolidating cases).

Each original complaint named as defendants a different suite of Texas officials, but universally included Texas Attorney General Ken Paxton. ROA.111; ROA.11174; ROA.11992; ROA.11720; ROA.11429. Since 1986, Texas law had provided the Texas Attorney General with independent prosecutorial authority over "criminal offense[s] prescribed by the election laws" of the State of Texas. TEX. ELEC. CODE § 273.021(a).[2] The lawsuits included allegations about the Texas Attorney General's past enforcement activities and future intent to prosecute election offenses such as those created or modified by S.B. 1. *E.g.*, ROA.11184 (alleging Texas Attorney General Paxton "regularly relies on Section 273.201 of the Texas Election Code as a basis for

---

[2]Section 273.021 originally limited prosecutions to offenses involving elections "covering territory in more than one county," but that restriction was removed by the Texas Legislature in 1993. Act of June 16, 1993, 73rd Leg., R.S., ch. 728, § 79, 1993 Tex. Sess. Law Serv. Ch. 728.

independently prosecuting criminal offenses" and "has previously prosecuted alleged offenses related to assisting voters, voting by mail, and campaigning and has threatened third parties with criminal sanctions for disseminating information to voters").

None of these lawsuits originally named any Texas district attorney as a defendant.

The State officials moved to dismiss on numerous grounds including sovereign immunity. *E.g.*, ROA.717. Relevant to this appeal, Texas Attorney General Paxton argued he was entitled to sovereign immunity because the plaintiffs had failed to establish that he could or would enforce the challenged criminal provisions of the Texas Election Code modified by S.B. 1. ROA.732-34. The district court denied those motions as moot in a text order dated December 2, 2021, based on the filing of amended complaints the day before. ROA.73.

On December 15, 2021, the Texas Court of Criminal Appeals held in an 8-1 decision that Texas Election Code Section 273.021—the provision that provided jurisdiction to the Texas Attorney General to prosecute Election Code criminal offenses—violated the Texas Constitution's separation of powers provision and was therefore

unconstitutional. *State v. Stephens*, Nos. PD-1032-20, PD-1033-20, 2021 WL 5917198, at *11 (Tex. Crim. App. Dec. 15, 2021). *Stephens* was not an S.B. 1 case; the underlying prosecution was of the Jefferson County sheriff for campaign finance violations under Texas Election Code Section 253.033(a). *Id.* at *1. The Court of Criminal Appeals recently denied the State's request for rehearing. *State v. Stephens*, Nos. PD-1032-20, PD-1033-20, 2022 WL 4493899 (Tex. Crim. App. Sept. 28, 2022).

The State officials renewed their motions to dismiss the amended complaints. *E.g.*, ROA.5354. While calling *Stephens* "wrongly decided," the Texas Attorney General nevertheless argued that *Stephens* bolstered his sovereign immunity defense because it established that the Texas Attorney General could prosecute Election Code violations only upon the request of a local prosecutor. ROA.5369-70 & n.2.

Before the district court could rule on the State officials' renewed motions to dismiss, various plaintiff groups began amending their complaints again, for the first time adding certain Texas district attorneys as defendants. *E.g.*, ROA.6258 (OCA complaint adding Harris and Travis County District Attorneys); ROA.6125 (Houston Justice

6

adding Bexar, Harris, and Travis County District Attorneys).[3]  With respect to District Attorney Ogg, no complaint alleges that she was involved in the passage of S.B. 1 or has taken any action to enforce, or has threatened to enforce, any of the criminal offenses created or modified by S.B. 1 against any of the various plaintiffs or anyone else.  As the various plaintiffs readily admit, District Attorney Ogg is named solely because of her general authority as an elected prosecutor representing the State of Texas to prosecute state-law criminal offenses within her jurisdiction.  *E.g.*, ROA.6156-57.

As indicated above, at the time various plaintiffs added District Attorney Ogg to the litigation, the parties were actively litigating the constitutionality of various S.B. 1 provisions, including criminal provisions, without her involvement.  District Attorney Ogg respects the judicial process engaged in by others and had no interest in diverting resources from her office to litigate the constitutionality of S.B. 1 as passed by the Legislature and signed into law.  She therefore attempted to enter into a non-participation agreement with the various plaintiffs,

---

[3]The District Court again denied as moot the State officials' motions in light of the amended complaints.  ROA.80-81.

through which District Attorney Ogg would stipulate that she would not enforce the challenged statutory provisions while the constitutional challenges were fully and finally litigated. In exchange, District Attorney Ogg would avoid getting dragged into litigation she neither initiated nor invited.[4] Her counsel memorialized the terms of that offer in a proposed stipulation, of the type that had been done in other constitutional litigation over statutes passed by the Texas Legislature. ROA.8719. The various plaintiff groups in this litigation declined.

District Attorney Ogg then moved to dismiss all claims brought against her on the bases of sovereign immunity and standing, among other grounds. ROA.8698. The district court denied that motion with respect to all provisions of S.B. 1 challenged by the plaintiffs that the district court found to implicate criminal law. ROA.10792.[5] District Attorney Ogg appealed. ROA.10809.

---

[4]*Cf. Planned Parenthood Ctr. for Choice v. Abbott*, No. A-20-CV-323-LY, 2020 WL 1815587, at *7 (W.D. Tex. Apr. 9, 2020) (holding temporary restraining order did not apply to defendant criminal district attorney based on non-participation stipulation), *mandamus granted in part*, *In re Abbott*, 956 F.3d 696 (5th Cir. 2020), *vacated as moot*, *Planned Parenthood Ctr. for Choice v. Abbott*, 141 S. Ct. 1261 (2021).

[5]The district court granted District Attorney Ogg's motion in part, dismissing claims that sought to challenge Election Code provisions that impose only civil penalties. ROA.10800, 10808.

## SUMMARY OF THE ARGUMENT

District Attorney Ogg, sued in her official capacity as the Harris County District Attorney, is a state official entitled to sovereign immunity. The narrow exception to sovereign immunity created by *Ex parte Young*, 209 U.S. 123 (1908), does not apply here for three reasons.

First, in order to be subject to suit under *Ex parte Young*, a state official must have a specific duty to enforce the laws being challenged. Here, the plaintiffs have sued District Attorney Ogg, as well as other district attorneys in the state, based solely on the general duty of prosecutors to prosecute violations of criminal laws within their respective jurisdictions. That general duty is not enough, as a matter of law—including *Ex parte Young* and its progeny—to bypass sovereign immunity.

Second, in addition to having a specific duty to enforce the challenged laws, the state official must be shown to have a demonstrated willingness to enforce those laws in order to be subjected to suit. There is no allegation by any plaintiff that District Attorney Ogg has shown any willingness to enforce any of the challenged criminal statutes against any plaintiff or anyone else. To the contrary, the record conclusively

establishes District Attorney Ogg's willingness *not to enforce* those statutes while the plaintiffs pursue their constitutional challenges.

Third, independently from the above requirements, the *Ex parte Young* doctrine requires plaintiffs to show a sufficient level of "enforcement" by a defendant state official to maintain a suit. Plaintiffs' inability to allege *any* facts about District Attorney Ogg's intent to enforce, much less actual enforcement of, the provisions about which they sue falls well short of the bar set by *Ex parte Young* and this Court's jurisprudence.

For each of these reasons, District Attorney Ogg is entitled to sovereign immunity from this suit. This Court has consistently reinforced the underlying purposes of sovereign immunity, including the cost and distractions associated with civil litigation. The importance of respecting the state's immunity from suit here is underscored by the costs, not only to the judicial system but also to publicly funded district attorney's offices, of suits like this. Under applicable law, district attorneys cannot be drafted by advocacy groups against their will to

become the *de facto* defenders[6] in civil litigation of criminal statutes passed by the Texas Legislature, solely by virtue of their holding an office with criminal jurisdiction. This tack, as employed by plaintiffs here, only serves to drain prosecutorial coffers and encourage "defendant shopping" that can undermine the adversary process and could well harm the future development of constitutional case law in this Circuit.

Finally, even if District Attorney Ogg were not entitled to sovereign immunity, she is entitled to dismissal of the claims against her because Plaintiffs-Appellees have not met their burden to allege, much less prove, standing. This principle applies not only to the plaintiffs' constitutional claims but also to their statutory claims, which appear to have been added as an attempted but unavailing work-around to sovereign immunity.

To have standing, a plaintiff must have suffered a concrete and particularized injury in fact that is fairly traceable to the conduct of the defendant. Neither of those requirements is met here, and under applicable jurisprudence standing cannot be properly alleged or proven

---

[6]Or *non*-defenders, based on a particular district attorney's interpretation of a particular law or her or his political leanings.

in gross. Plaintiffs-Appellees have not alleged any intent to commit the criminal offenses they are challenging through this litigation. Even if they had done so, District Attorney Ogg has told them (and the courts) she is not interested in enforcing the challenged statutes while these challenges to their constitutionality remain pending. Lastly, the complaints contain no allegations of any conduct by District Attorney Ogg demonstrating she is responsible for any alleged injury.

## ARGUMENT

### I. Standard of Review

Questions of sovereign immunity and standing are reviewed *de novo*. *Tex. All. for Retired Americans v. Scott*, 28 F.4th 669, 671 (5th Cir. 2022).

### II. District Attorney Ogg is entitled to sovereign immunity.

"Generally, state sovereign immunity precludes suits against state officials in their official capacities." *Tex. Democratic Party v. Abbott*, 960 F.3d 389, 400 (5th Cir. 2020) ("*Tex. Democratic Party I*"). District Attorney Ogg, sued in her official capacity, is a state official entitled to the protections of sovereign immunity. *Esteves v. Brock*, 106 F.3d 674, 677 & n.8 (5th Cir. 1997) ("when acting in the prosecutorial capacity to enforce state penal law, a district attorney is an agent of the state"). The

Texas Constitution creates her office. TEX. CONST. art. V, sec. 21. And the Texas Legislature defines her jurisdiction to represent the State of Texas in criminal matters. TEX. GOV'T CODE § 43.180(b), (c).

The legal fiction of *Ex parte Young* provides an "exception to Eleventh Amendment sovereign immunity" in the subset of cases to which it applies. *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019); *Tex. Democratic Party I*, 961 F.3d at 400. The exception permits federal courts to enjoin prospective unconstitutional conduct by "individuals who, as officers of the state, are clothed with some duty in regard to the enforcement of the laws of the state, ***and*** who threaten and are about to commence proceedings, either of a civil or criminal nature." *Ex parte Young*, 209 U.S. 123, 155-56 (1908) (emphasis added). Under the plain language of *Ex parte Young*, having a public office that carries a duty to enforce laws of the state is not enough. A plaintiff must also show that the official clothed with that duty has "threaten[ed] and [is] about to commence proceedings."

In order to be a proper *Ex parte Young* defendant, a state official "must have some connection with the enforcement of" the law being challenged. *Id.* at 157. Without the requisite connection, the state official

13

is merely a stand-in for the otherwise immune state itself. *Id.* By its own accounts, this Court has struggled to define the exact contours of the "connection" required by *Ex parte Young*. *See, e.g., Tex. All. for Retired Americans v. Scott*, 28 F.4th 669, 672 & n.5 (5th Cir. 2022); *Tex. Democratic Party I*, 978 F.3d at 179. "But some guideposts have emerged." *Scott*, 28 F.4th at 672. Those guideposts are:

1. **A specific duty**. The state official must have "more than the general duty to see that the laws of the state are implemented." *Id.* Instead, the state official must have a "particular duty to enforce the statute in question." *Id.*

2. **Demonstrated willingness**. The state official must have "a demonstrated willingness to exercise that duty." *Id.*

3. **Enforcement**. The state official must, through her conduct, "compel or constrain [persons] to obey the challenged law." *Id.*

Plaintiffs must pass *each* of these guideposts to maintain a proper claim to the *Ex parte Young* exception. *See id.* District Attorney Ogg is entitled to dismissal of the claims against her because the various plaintiffs here failed to pass *any* of these guideposts, let alone all of them.

## A. District Attorney Ogg does not have a specific duty to enforce criminal offenses created or modified by S.B. 1.

District Attorney Ogg has the non-exclusive *authority* to enforce criminal laws, including those criminal provisions of the Texas Election

Code modified or created by S.B. 1.[7]  But she has no *duty* to bring such prosecutions.  Instead, her duty under the Code of Criminal Procedure is as follows:

> It shall be the primary duty of all prosecuting attorneys, including any special prosecutors, not to convict, but to see that justice is done.

TEX. CODE CRIM. P. art. 2.01.   District Attorney Ogg has complete discretion whether to ever initiate criminal charges against anyone whom she has probable cause to believe committed one of the challenged offenses.  *Neal v. State*, 150 S.W.3d 169, 173 (Tex. Crim. App. 2004); *see also State v. Stephens*, Nos. PD-1032-20, PD-1033-20, 2022 WL 4493899, at *4 (Tex. Crim. App. Sept. 28, 2022) (Walker, J., concurring in denial of rehearing).

The district court erred by conflating District Attorney Ogg's general *authority* as a prosecutor with a *duty* to prosecute violations of the challenged criminal provisions.   ROA.10799.  The district court concluded the requisite "connection" was established by "the [unspecified] language of the Election Code" and the Texas Court of

---

[7]She shares that authority with dozens of other district attorneys, criminal district attorneys, and county attorneys, depending upon the configuration of the particular district.  *See* TEX. GOV'T CODE §§ 43 (district attorneys), 44 (criminal district attorneys), 45 (county attorneys).

Criminal Appeals's decision in *Stephens*. ROA.10799. But neither of those sources establishes anything beyond a "general duty to see that the laws of the state are implemented." *City of Austin*, 943 F.3d at 999-1000.

Contrary to the district court's conclusion, there is no language in the Texas Election Code that imposes upon District Attorney Ogg a specific duty to enforce criminal provisions within Texas election laws. The district court's order does not identify any such language, and its discussion is conspicuously focused on District Attorney Ogg's general *authority* to prosecute. ROA.10798 ("the Election Code explicitly contemplated that county and district attorneys would prosecute criminal offenses"); ROA.10799 ("district attorneys have authority to compel or constrain a person's ability to violate the S.B. 1 provisions that create and implicate criminal offenses").

*Stephens* does not create or supply any relevant duty, either. The *Stephens* court spoke of the "specific duty of county and district attorneys" to represent the State of Texas in criminal proceedings. *Stephens*, 2021 WL 5917198, at *6. True enough; in a criminal proceeding brought in Harris County, District Attorney Ogg has a duty to represent the State of Texas. But a general duty to represent the State

is not the same as a specific duty to enforce individual criminal statutes. Those prosecutorial decisions remain within District Attorney Ogg's discretion. *Neal*, 150 S.W.3d at 173.

**B.    Plaintiffs cannot allege that District Attorney Ogg has threatened or demonstrated a willingness to enforce S.B. 1's criminal provisions.**

Even if District Attorney Ogg could be shown to have a duty to enforce the criminal provisions of S.B. 1, she has no demonstrated willingness to enforce those provisions. To sue under *Ex parte Young*, the plaintiffs must establish that District Attorney Ogg has "taken some step to enforce" the criminal provisions being challenged. *Tex. Democratic Party I*, 961 F.3d at 401; *Scott*, 28 F.4th at 672. While this Court has not defined "how big a step" must be taken in every case, "the bare minimum appears to be some scintilla of affirmative action by the state official." *Tex. Democratic Party I*, 961 F.3d at 401 (internal quotation marks omitted).

Plaintiffs did not and cannot meet even this "bare minimum" standard, because there is no allegation in any complaint of any affirmative action taken by District Attorney Ogg with respect to any criminal provision created or modified by S.B. 1. No one alleges District

Attorney Ogg had any involvement in the Texas Legislature's drafting or passing of S.B. 1. No one alleges District Attorney Ogg has threatened to prosecute them, or anyone else, for violating any criminal provisions created or modified by S.B. 1. No one alleges District Attorney Ogg has actually charged them, or anyone else, with committing an offense created or modified by S.B. 1. District Attorney Ogg was sued simply and solely because of who she is—a state official with prosecutorial authority—not because of anything she has done. By suing District Attorney Ogg on these grounds, the plaintiffs are "merely making [her] a party as a representative of the state, and thereby attempting to make the state a party." *Ex parte Young*, 209 U.S. at 157. District Attorney Ogg made plain to the district court that, in other words, she was being used as a "litigation effigy."

The district court erred by relieving the plaintiffs of their burden to establish that District Attorney Ogg is a proper defendant under *Ex parte Young*. ROA.10800. It did so by *presuming* that District Attorney Ogg had credibly threatened the plaintiffs with prosecution and shifting the burden to District Attorney Ogg to present "compelling contrary evidence." ROA.10800 (quoting *Speech First, Inc. v. Fenves*, 979 F.3d 319,

335 (5th Cir. 2020)).  That presumption has no application here.  And even if it did, District Attorney Ogg met the burden the district court placed on her.

First, the presumption rule drawn from *Fenves* is a rule about standing, not sovereign immunity, and that rule cannot be imported into the *Ex parte Young* analysis.  *See Fenves*, 979 F.3d at 335; *Scott*, 28 F.4th at 674 (distinguishing another case on the basis that it "addressed only standing and has no bearing on the *Ex parte Young* analysis").  District Attorney Ogg has not located any Fifth Circuit decision using this presumption in this context.

Second, the *Fenves* rule makes sense in the First Amendment standing context in which it arose, but not here.  In *Fenves*, the University of Texas had been sued, through its President in his official capacity, over the University's speech code.  *Id.* at 323.  Because the University wrote its own rules, it stood to reason that students (and courts) could presume the University credibly intended to enforce those rules.  *See id.* at 337 (absent an intent to enforce, "why maintain the policies at all?").  Here, there is no allegation, much less evidence, that District Attorney Ogg had anything to do with S.B. 1 or its passage.

Accordingly, there is no similar logic compelling an inference that she must intend to enforce it.

Third, even if this presumption applied, District Attorney Ogg presented compelling contrary evidence. Prior to moving to dismiss, District Attorney Ogg had offered to stipulate that she would not enforce any of the challenged criminal statutes until this litigation over their constitutionality was resolved through a final, non-appealable judgment. ROA.8719. The plaintiffs declined that offer.

The district court deemed this evidence meaningless because District Attorney Ogg did not represent "that she *never* intends to enforce the challenged provisions." ROA.10799. This standard set in the district court's decision vitiates the "some connection with the enforcement of" requirement under this Court's *Ex parte Young* jurisprudence. On one hand, if the challenged statutes are ultimately held to be *constitutional*, a prior commitment never to enforce them would represent an impermissible abdication of authority provided to the district attorney by Texas law. On the other hand, if the challenged statutes are ultimately held to be *unconstitutional*, a commitment to never enforce the statutes would not be necessary, as there would be a judicially established

constitutional defense to prosecution. The "never enforce regardless of case outcome" idea is thus beside the point. It is the plaintiff's burden to show, under *Ex parte Young*, a threat to enforce or actual enforcement of a law, and an offer to commit to not enforcing the challenged statutes while their constitutionality is litigated is additional compelling evidence that District Attorney Ogg lacks the "demonstrated willingness" to enforce those statutes.

## C. District Attorney Ogg has not compelled or constrained anyone by enforcing or threatening to enforce S.B. 1's criminal provisions.

Regardless of the duty and willingness requirements discussed above, the *Ex parte Young* exception does not apply to District Attorney Ogg because the plaintiffs did not make the requisite showing of "enforcement" required by this Court's case law. *See City of Austin*, 943 F.3d at 1000. Enforcement involves "compulsion or constraint." *Id.* "If the official does not compel or constrain anyone to obey the challenged law, enjoining that official could not stop any ongoing constitutional violation." *Scott*, 28 F.4th at 672.

Merely showing that a state official has the authority to enforce a statute is insufficient to show the necessary level of enforcement. *City of*

*Austin*, 943 F.3d at 1001. Instead, the plaintiffs must "point[] to specific enforcement actions of the respective defendant state official[] warranting the application of the *Young* exception." *Id.* Examples of enforcement deemed sufficient by this Court include:

- denying claims for payment through a state medical malpractice compensation fund, based on a statute excluding abortion-related injuries, *K.P. v. LeBlanc*, 627 F.3d 115, 124-25 (5th Cir. 2010);

- "pervasive enforcement" of a worker's compensation scheme through setting reimbursement rates, *Air Evac EMS, Inc. v. Tex. Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 519 (5th Cir. 2017); and

- sending letters "intimating that formal enforcement was on the horizon" based on the Texas Attorney General's conclusion that a party's conduct violated the challenged statute, *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 392 (5th Cir. 2015).

The plaintiffs have alleged nothing remotely similar to the enforcement shown in *K.P.*, *Air Evac EMS*, or *NiGen Biotech*. There is no allegation that District Attorney Ogg has taken any action or made any statement even suggesting that she may enforce any of the challenged statutes against the plaintiffs or anyone else. Accordingly, District Attorney Ogg is insufficiently connected to the enforcement of the challenged statutes and cannot be sued under *Ex parte Young*.

## III. Denying sovereign immunity on this record will have significant negative consequences.

Sovereign immunity is a complete immunity from suit, not a simple defense to liability. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). While it can be "justified in part by a concern that States not be unduly burdened by litigation," at its core the doctrine "accords the States the respect owed them as members of the federation" to not be sued at all absent their express consent. *Id.* That respect extends even beyond traditional lawsuits to third-party subpoenas attempting to compel state officials to participate in the discovery process against their will. *Russell v. Jones*, No. 21-20269, 2022 WL 4296644 at *3 (5th Cir. Sept. 19, 2022).

Denying sovereign immunity has genuine consequences, in terms of real costs and litigation burdens on state officials, not to mention the courts. Here, for example, some plaintiffs have sought expansive discovery from District Attorney Ogg and her office. ROA.10829. They seek to delve into her office's prosecutorial history, demanding access to "all documents and communications" regarding all investigations, criminal proceedings, and prosecutions regarding *any* "violation or suspected violation" of *any* election law (not just the provisions added or

affected by S.B. 1) in the last six years.  ROA.10829.  And the district court has signaled a willingness to permit such expansive discovery into the State's prosecutorial files.  ROA.109 (text order: "the discovery requests are relevant and responses thereto may be secured from Defendant Ogg either as a party to this case or a third party").

Permitting suits like this will force local prosecutors to redirect resources—including both time and money—that could be spent prosecuting crimes to instead litigating cases in which they should have no involvement.  Regardless of District Attorney Ogg's office's "ability to withstand suit" or "bear the burden of litigation," this encroachment will have real consequences for prosecutorial budgets if litigation against district attorneys becomes the norm.  *See Metcalf & Eddy*, 506 U.S. at 146 n.5.

Litigation against individual district attorneys also risks inconsistent judgments and inconsistent positions from "the State."  If District Attorney Ogg can be haled into court to defend a statute she has never enforced, so too can any other elected district attorney anywhere in the State of Texas.  Although all of those prosecutors are state officials and represent the state in criminal proceedings in their respective

jurisdictions, they do not all necessarily hold the same views with respect to the constitutionality or wisdom of criminal statutes passed by the Texas Legislature, especially those enacted without their input or involvement.  This dynamic can and would encourage "DA shopping," where plaintiffs seek out and name as defendants state officials they believe may be sympathetic to their cause and who may refuse to defend a challenged statute or mount a weaker or no defense.  Such tactics undermine the adversary process and harm the development of constitutional jurisprudence in this Circuit.

## IV.    Plaintiffs-Appellees lack standing to sue District Attorney Ogg under federal statutes.

Perhaps recognizing the challenges of overcoming District Attorney Ogg's sovereign immunity defense, various plaintiffs also nominally and in wholly conclusory fashion asserted claims against her for violations of federal antidiscrimination statutes.  *E.g.*, ROA.6318 (Voting Rights Act claim); ROA.6320 (Americans with Disabilities Act claim); ROA.6321 (Rehabilitation Act claim).  Each of those statutes contains at least an arguable waiver of sovereign immunity.  *E.g.*, *Mi Familia Vota v. Abbott*, 977 F.3d 461, 469 (5th Cir. 2020) (Eleventh Amendment sovereign

immunity barred claims against Governor Abbott except for claims brought under Voting Rights Act).

With respect to District Attorney Ogg, each of these claims is a baseless, transparent attempt to evade sovereign immunity and the *Ex parte Young* analysis above. Under the plaintiffs' view, every district attorney in the State of Texas violates these federal statutes merely by existing in a world in which the Texas Legislature passes bills that are subject to constitutional challenges. The violations occur the second the laws hit the books, and no action or threatened action by the prosecutor is required. This view proves too much. And it is not the law.

Assuming sovereign immunity has been waived, the plaintiffs must still satisfy the traditional requirements for standing in order to maintain a claim against District Attorney Ogg.[8] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). One of those requirements is the existence of an "injury in fact," meaning a "concrete and particularized"

---

[8]Standing is "the kind of subject-matter jurisdiction issue that [the Fifth Circuit] may properly consider in a collateral-order appeal." *Whole Woman's Health v. Jackson*, 13 F.4th 434, 446 n.18 (5th Cir. 2021); *see also Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 429 (5th Cir. 2002) ("[W]here . . . we have interlocutory appellate jurisdiction to review a district court's denial of Eleventh Amendment immunity, we may first determine whether there is federal subject matter jurisdiction over the underlying case").

harm that is "actual or imminent, not conjectural or hypothetical." *Id.* at 560 (cleaned up). Another is the establishment of a "causal connection between the injury and the conduct complained of," meaning that the injury is "fairly traceable to the challenged action of the defendant." *Id.* (cleaned up). These inquiries are specific to each alleged claim, injury, and defendant, as "standing is not dispensed in gross." *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996); *Blum v. Yaretsky*, 457 U.S. 991, 999 (1982). The plaintiffs did not and cannot make either showing here.[9]

## A.     There is no injury in fact because no plaintiff intends to commit the challenged criminal offenses or faces a credible threat of prosecution.

Plaintiffs-Appellees have not alleged an injury in fact with respect to the challenged criminal offenses. There is no allegation District Attorney Ogg has prosecuted (or threatened to prosecute) any plaintiff or any member of a plaintiff group for committing one of S.B. 1's new or modified criminal offenses. These lawsuits are admittedly pre-enforcement.

---

[9]District Attorney Ogg's standing arguments would apply with equal force to Plaintiffs-Appellees' *Ex parte Young* claims if those claims satisfied *Ex parte Young*'s requirements for avoiding sovereign immunity.

To establish an injury in fact in a pre-enforcement context, a plaintiff must allege "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder." *Babbitt v. Farm Workers*, 442 U.S. 289, 298 (1979); *see also Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014). Plaintiffs-Appellees' allegations come up short on these requirements.

First, Plaintiffs-Appellees fail to allege a "serious intent" to commit the criminal offenses they seek to challenge. *Barilla v. City of Hous., Tex.*, 13 F.4th 427, 432 (5th Cir. 2021). No plaintiff alleges he is an election officer who intends to refuse to accept an election watcher as required by law. TEX. ELEC. CODE § 33.051(g). No plaintiff alleges she serves in an official capacity at a place where election watchers are authorized and intends to knowingly prevent a watcher from observing an activity or procedure as authorized by law. TEX. ELEC. CODE § 33.061(a). No plaintiff alleges he intends to knowingly, unlawfully possess another person's ballot or voting envelope. TEX. ELEC. CODE § 86.006(f). No plaintiff alleges she intends to assist voters with voting by mail but also intends to knowingly fail to sign the required

documentation. TEX. ELEC. CODE § 86.010(f). No plaintiff alleges he intends to compensate persons for assisting voters, or solicit or receive compensation himself. TEX. ELEC. CODE § 86.0105(a). No plaintiff alleges it is an employer who intends to deny an employee the right to be absent from work for the purpose of voting. TEX. ELEC. CODE § 276.004(a). No plaintiff alleges she intends to engage in "vote harvesting" for compensation. TEX. ELEC. CODE § 276.015. No plaintiff alleges he is a public official or election official who intends to unlawfully solicit or distribute applications to vote by mail. TEX. ELEC. CODE § 276.016. No plaintiff alleges she is an early voting clerk or election official who intends to knowingly provide an early voting ballot by mail to a person he knows did not apply for one. TEX. ELEC. CODE § 276.017. And no plaintiff alleges an intent to perjure themselves. TEX. ELEC. CODE § 276.018.

Second, even if Plaintiffs-Appellees had alleged a "serious intent" to commit these offenses, they face no credible threat of prosecution by District Attorney Ogg. There is no factual allegation supporting any desire by District Attorney Ogg to enforce these challenged statutes. To the contrary, District Attorney Ogg has told Plaintiffs-Appellees she *does*

*not intend to enforce them* while their constitutionality is litigated. District Attorney Ogg even offered to stipulate to non-enforcement as part of the record in this case:

> [District Attorney] Ogg stipulates and agrees not to enforce Sections 33.051(g), 33.061, 86.006(f), 86.010(f), 276.004(a), 276.015(b)-(d), 276.016(a), 276.017(a), and 276.018(a) of the Texas Election Code challenged in the above-styled and numbered cause until such time as a final, non-appealable decision has been issued in this matter.

ROA.8719. That stipulation was not acceptable to the plaintiffs. But it stands as another evidentiary bulwark against their wholly conclusory claims that they now credibly fear prosecution by District Attorney Ogg. *Cf. Barilla*, 13 F.4th at 433 (credible threat presumed where "the City did not disclaim its intent to enforce the Busking Ordinances to the district court, in its appellate briefing, or during oral argument").

## B. There is no causal connection because District Attorney Ogg is not alleged to have done anything.

Second, Plaintiffs-Appellees have failed to allege the necessary causal connection between their alleged injuries and any action taken by District Attorney Ogg. No plaintiff has identified any specific action taken by District Attorney Ogg as a cause of their injury. To the contrary, the complaints rely on broad "group pleading" tactics and generally

30

blame the actions of *different state officials*, such as members of the Texas Legislature who passed S.B. 1, for causing the alleged harm at the center of this lawsuit.

Standing doctrine requires that injuries be "traced to the challenged action of the defendant." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41 (1976). It is "a means of identifying proper defendants." *Heckman v. Williamson County*, 369 S.W.3d 137, 155 (Tex. 2012) (quoting 13A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 3531.5, at 385 (3d ed. 2008)). And it is a narrow inquiry, specific to individual claims by given plaintiffs against given defendants. *Lewis*, 518 U.S. at 358 n.6; *Blum*, 457 U.S. at 999. Given the total absence of any factual allegations against District Attorney Ogg, she is not a proper defendant here.

## CONCLUSION

For the foregoing reasons, District Attorney Ogg respectfully requests this Court reverse the order of the district court and enter judgment that Plaintiffs-Appellees take nothing from District Attorney Ogg.

Dated: October 19, 2022.

Respectfully submitted,

**BUTLER SNOW LLP**

By: */s/ Eric J.R. Nichols*

Eric J.R. Nichols
State Bar No. 14994900
eric.nichols@butlersnow.com
Karson Thompson
State Bar No. 24083966
karson.thompson@butlersnow.com
1400 Lavaca Street, Suite 1000
Austin, Texas 78701
Tel: (737) 802-1800
Fax: (737) 802-1801

**ATTORNEYS FOR DEFENDANT-APPELLANT**

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2022, this Appellee's Brief was electronically filed using the Fifth Circuit's CM/ECF system, which provides access to filings to registered counsel of record, including the following:

John C. Bonifaz
Ben Clements
Ronald Fein
FREE SPEECH FOR PEOPLE
48 North Pleasant Street Suite 405
Amherst, MA 01002
**Attorneys for Plaintiff-Appellee Mi Familia Vota**

Eitan Berkowitz
ARENTFOX SCHIFF, L.L.P.
44 Montgomery Street, 38th Floor
San Francisco, CA 94104
**Attorney for Plaintiff-Appellee Mi Familia Vota**

Courtney M. Hostetler
John C. Bonifaz
Ben Clements
Ronald Fein
FREE SPEECH FOR PEOPLE
48 North Pleasant Street Suite 405
Amherst, MA 01002
**Attorneys for Plaintiff-Appellee Marla Lopez**

Courtney M. Hostetler
John C. Bonifaz
Ben Clements
Ronald Fein
FREE SPEECH FOR PEOPLE

48 North Pleasant Street Suite 405
Amherst, MA 01002
**Attorneys for Plaintiff-Appellee Marlon Lopez**
Courtney M. Hostetler
John C. Bonifaz
Ben Clements
Ronald Fein
FREE SPEECH FOR PEOPLE
48 North Pleasant Street Suite 405
Amherst, MA 01002
**Attorneys for Plaintiff-Appellee Paul Rutledge**

Zachary Dolling
Hani Mirza
TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, TX 78741-3438
**Attorneys for Plaintiff-Appellee OCA-Greater Houston**

Jessica R. Amunson
JENNER & BLOCK, L.L.P.
1099 New York Avenue, N.W., Suite 900
Washington D.C., 20001-4412
**Attorney for Plaintiff-Appellee OCA-Greater Houston**

Adriel I. C. Derieux
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004-2400
**Attorney for Plaintiff-Appellee OCA-Greater Houston**

Peter T. Hofer
Lisa Snead
DISABILITY RIGHTS TEXAS
2222 W. Breaker Lane
Austin, TX 78758
**Attorneys for Plaintiff-Appellee OCA-Greater Houston**

Jerry Vattamala
ASIAN AMERICAN LEGAL DEFENSE & EDUCATIONAL
FUND
99 Hudson Street, 12th Floor
New York, NY 10013
**Attorney for Plaintiff-Appellee OCA-Greater Houston**

Zachary Dolling
Hani Mirza
TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, TX 78741-3438
**Attorneys for Plaintiff-Appellee League of Women Voters of
Texas**

Jessica R. Amunson
JENNER & BLOCK, L.L.P.
1099 New York Avenue, N.W., Suite 900
Washington D.C., 20001-4412
**Attorney for Plaintiff-Appellee League of Women Voters of
Texas**

Adriel I. C. Derieux
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004-2400
**Attorney for Plaintiff-Appellee League of Women Voters of
Texas**

Peter T. Hofer
Lisa Snead
DISABILITY RIGHTS TEXAS
2222 W. Breaker Lane
Austin, TX 78758
**Attorneys for Plaintiff-Appellee League of Women Voters of
Texas**

Jerry Vattamala
ASIAN AMERICAN LEGAL DEFENSE & EDUCATIONAL
FUND
99 Hudson Street, 12th Floor
New York, NY 10013
**Attorney for Plaintiff-Appellee League of Women Voters of
Texas**

Zachary Dolling
Hani Mirza
TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, TX 78741-3438
**Attorneys for Plaintiff-Appellee REVUP-Texas**
Jessica R. Amunson
JENNER & BLOCK, L.L.P.
1099 New York Avenue, N.W., Suite 900
Washington D.C., 20001-4412
**Attorney for Plaintiff-Appellee REVUP-Texas**

Adriel I. C. Derieux
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004-2400
**Attorney for Plaintiff-Appellee REVUP-Texas**

Peter T. Hofer
Lisa Snead
DISABILITY RIGHTS TEXAS
2222 W. Breaker Lane
Austin, TX 78758
**Attorneys for Plaintiff-Appellee REVUP-Texas**

Jerry Vattamala
ASIAN AMERICAN LEGAL DEFENSE & EDUCATIONAL
FUND
99 Hudson Street, 12th Floor
New York, NY 10013

**Attorney for Plaintiff-Appellee REVUP-Texas**

Jessica R. Amunson
JENNER & BLOCK, L.L.P.
1099 New York Avenue, N.W., Suite 900
Washington D.C., 20001-4412
**Attorney for Plaintiff-Appellee Texas Organizing Project**

Adriel I. C. Derieux
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004-2400
**Attorney for Plaintiff-Appellee Texas Organizing Project**

Jerry Vattamala
ASIAN AMERICAN LEGAL DEFENSE & EDUCATIONAL FUND
99 Hudson Street, 12th Floor
New York, NY 10013
**Attorney for Plaintiff-Appellee Texas Organizing Project**

Zachary Dolling
Hani Mirza
TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, TX 78741-3438
**Attorneys for Plaintiff-Appellee Workers Defense Action Fund**

Jessica R. Amunson
JENNER & BLOCK, L.L.P.
1099 New York Avenue, N.W., Suite 900
Washington D.C., 20001-4412
**Attorney for Plaintiff-Appellee Workers Defense Action Fund**

Adriel I. C. Derieux
AMERICAN CIVIL LIBERTIES UNION FOUNDATION

125 Broad Street, 18th Floor
New York, NY 10004-2400
**Attorney for Plaintiff-Appellee Workers Defense Action Fund**
Peter T. Hofer
Lisa Snead
DISABILITY RIGHTS TEXAS
2222 W. Breaker Lane
Austin, TX 78758
**Attorneys for Plaintiff-Appellee Workers Defense Action Fund**

Jerry Vattamala
ASIAN AMERICAN LEGAL DEFENSE & EDUCATIONAL FUND
99 Hudson Street, 12th Floor
New York, NY 10013
**Attorney for Plaintiff-Appellee Workers Defense Action Fund**

Uzoma Nkem Nkwonta
Noah Baron
Christopher D. Dodge
Jonathan P. Hawley
Elena A. R. Armenta
Graham White
ELIAS LAW GROUP, L.L.P.
10 G Street, Suite 600
Washington, DC 20002
**Attorneys for Plaintiff-Appellee LULAC TEXAS**

Uzoma Nkem Nkwonta
Noah Baron
Christopher D. Dodge
Jonathan P. Hawley
Elena A. R. Armenta
Graham White
ELIAS LAW GROUP, L.L.P.

10 G Street, Suite 600
Washington, DC 20002
**Attorneys for Plaintiff-Appellee Vote Latino**

Uzoma Nkem Nkwonta
Noah Baron
Christopher D. Dodge
Jonathan P. Hawley
Elena A. R. Armenta
Graham White
ELIAS LAW GROUP, L.L.P.
10 G Street, Suite 600
Washington, DC 20002
**Attorneys for Plaintiff-Appellee Texas Alliance for Retired Americans**

Uzoma Nkem Nkwonta
Noah Baron
Christopher D. Dodge
Jonathan P. Hawley
Elena A. R. Armenta
Graham White
ELIAS LAW GROUP, L.L.P.
10 G Street, Suite 600
Washington, DC 20002
**Attorneys for Plaintiff-Appellee Texas AFT**

Kenneth E. Broughton, Jr.
Danielle Ahlrich
REED SMITH, L.L.P.
81 Main Street, Suite 1700
Houston, TX 77002-6110
**Attorneys for Plaintiff-Appellee Delta Sigma Theta Sorority, Inc.**

Mohammed A. Badat
Victor Genecin, Esq.
Kathryn C. Sadasivan

R. Gary Spencer
NAACP
Legal Defense & Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006-1738
**Attorneys for Plaintiff-Appellee Delta Sigma Theta
Sorority, Inc.**

Eitan Berkowitz
ARENTFOX SCHIFF, L.L.P.
44 Montgomery Street, 38th Floor
San Francisco, CA 94104
**Attorney for Plaintiff-Appellee Delta Sigma Theta Sorority,
Inc.**

J. Michael Showalter
ARENTFOX SCHIFF, L.L.P.
233 S. Wacker Drive, Suite 7100
Willis Tower
Chicago, IL 60606
**Attorney for Plaintiff-Appellee Delta Sigma Theta Sorority,
Inc.**

Kenneth E. Broughton, Jr.
Danielle Ahlrich
REED SMITH, L.L.P.
81 Main Street, Suite 1700
Houston, TX 77002-6110
**Attorneys for Plaintiff-Appellee Houston Area Urban
League**

Mohammed A. Badat
Victor Genecin, Esq.
Kathryn C. Sadasivan
R. Gary Spencer
NAACP
Legal Defense & Educational Fund, Inc.
40 Rector Street, 5th Floor

New York, NY 10006-1738
**Attorneys for Plaintiff-Appellee Houston Area Urban League**

Eitan Berkowitz
ARENTFOX SCHIFF, L.L.P.
44 Montgomery Street, 38th Floor
San Francisco, CA 94104
**Attorney for Plaintiff-Appellee Houston Area Urban League**

J. Michael Showalter
ARENTFOX SCHIFF, L.L.P.
233 S. Wacker Drive, Suite 7100
Willis Tower
Chicago, IL 60606
**Attorney for Plaintiff-Appellee Houston Area Urban League**

Kenneth E. Broughton, Jr.
Danielle Ahlrich
REED SMITH, L.L.P.
81 Main Street, Suite 1700
Houston, TX 77002-6110
**Attorneys for Plaintiff-Appellee Arc of Texas**

Mohammed A. Badat
Victor Genecin, Esq.
Kathryn C. Sadasivan
R. Gary Spencer
NAACP
Legal Defense & Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006-1738
**Attorneys for Plaintiff-Appellee Arc of Texas**

J. Michael Showalter
ARENTFOX SCHIFF, L.L.P.

233 S. Wacker Drive, Suite 7100
Willis Tower
Chicago, IL 60606
**Attorney for Plaintiff-Appellee Arc of Texas**

Kenneth E. Broughton, Jr.
Danielle Ahlrich
REED SMITH, L.L.P.
81 Main Street, Suite 1700
Houston, TX 77002-6110
**Attorney for Plaintiff-Appellee Jeffrey Lamar Clemmons**

Mohammed A. Badat
Victor Genecin, Esq.
Kathryn C. Sadasivan
R. Gary Spencer
NAACP
Legal Defense & Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006-1738
**Attorney for Plaintiff-Appellee Jeffrey Lamar Clemmons**

Eitan Berkowitz
ARENTFOX SCHIFF, L.L.P.
44 Montgomery Street, 38th Floor
San Francisco, CA 94104
**Attorney for Plaintiff-Appellee Jeffrey Lamar Clemmons**

J. Michael Showalter
ARENTFOX SCHIFF, L.L.P.
233 S. Wacker Drive, Suite 7100
Willis Tower
Chicago, IL 60606
**Attorney for Plaintiff-Appellee Jeffrey Lamar Clemmons**

                                        */s/ Eric J.R. Nichols*
                                        Eric J.R. Nichols
                                        **Attorney for Defendant-Appellant**

## CERTIFICATE OF COMPLIANCE

I hereby certify that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the filed document in compliance with Fifth Circuit Rule 25.2.1; (3) the document complies with the form requirements of FED. R. APP. P. 32, has been prepared in Century Schoolbook 14-point font (12-point font for footnotes), and contains 5,739 words excluding the items identified in FED. R. APP. P. 32(f).

*/s/ Eric J.R. Nichols*
Eric J.R. Nichols
**Attorney for Defendant-Appellant**